BRIEF *v.* GENERAL CONCRETE CONSTRUCTION CO.

1. Workmen's Compensation—Amputation of Finger—Lowered Resistance—Bronchial Pneumonia—Proximate Cause—Evidence.

In dependents' proceeding to recover workmen's compensation, finding of department that death of employee from bronchial pneumonia was attributable to lowered resistance following accidental injury to finger, the amputation of which was accomplished with the use of ether and gas, *held*, supported by record containing evidence of medical experts that the injury was a possible contributing cause of death and other testimony that during intervening period of over two weeks between injury and death the employee was unable to sleep nights, slept only a few hours during the day, ate only about a quarter of usual amount of food, and was in continuing pain.

2. Same—Finding of Department—Inferences.

In determining factual issues, the department of labor and industry may draw reasonable inferences from established facts.

Appeal from Department of Labor and Industry. Submitted January 9, 1940. (Docket No. 104, Calendar No. 40,790.) Decided March 15, 1940. Rehearing denied June 18, 1940.

Anna Brief, widow, and dependent children presented their claim against General Concrete Construction Company, employer, and Hartford Accident & Indemnity Company, insurer, for compensation for injuries sustained by plaintiff's decedent, causing death while in defendant's employ. Award to plaintiffs. Defendants appeal. Affirmed.

*Rollie L. Lewis,* for plaintiffs.

*Clifford A. Mitts, Jr.,* for defendants.

BUSHNELL, C. J.  While in the employ of defendant General Concrete Construction Company on April 27, 1938, plaintiffs' decedent, Levi Brief, injured his right middle finger. He was taken to a hospital where the finger was amputated down to the first joint, the operation requiring the administering of ether as well as gas. By May 9th, Brief had developed a sore throat and there was still a small amount of pus in the finger, and on May 13th he died of bronchial pneumonia.

The department of labor and industry made an award of $12.80 per week for total dependency for a period of 300 weeks from April 27, 1938, and allowed funeral expenses in the sum of $125. Defendants ask that this award be vacated.

The questions propounded by appellants resolve themselves into the claim that plaintiffs failed to sustain the burden of proof and that there is no testimony upon which to base a conclusion that the accidental injury accelerated the death. It is claimed that the medical experts refused to testify that the injury was a probable cause, limiting themselves to the statement that it was a "possible" contributing cause of death.

The opinion of the department directs our attention to testimony that after the accident Brief was unable to sleep nights and slept only a few hours during the day; that he ate only about a quarter as much food as he had been accustomed to eating; and that he was in continuing pain. The department found that "the great preponderance of the evidence definitely indicates a lowered resistance attributable to the accidental injury of April 27, 1938." There is testimony in the record to support this conclusion.

We find little need to review again the authorities applicable to the facts presented in this appeal, they having recently been collected in *Rickard* v. *Bridgeman-Russell Co.,* 288 Mich. 175. The situation presented is controlled by that case and the quotation therein from *Swanson* v. *Oliver Iron Mining Co.,* 266 Mich. 121.

In determining factual issues, the department may draw reasonable inferences from established facts. *Herman* v. *Ford Motor Co.,* 279 Mich. 106; *Froman* v. *Banquet Barbecue, Inc.,* 284 Mich. 44.

The award is affirmed, with costs to appellee.

SHARPE, POTTER, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.