GAUSS *v.* HEWITT METALS CORP.

1. WORKMEN'S COMPENSATION—HERNIA—REPORT BY EMPLOYEE.

Employee who reported his hernia to his employer as soon as he knew of its existence although that was six months after a small lump or swelling had appeared on his right groin but caused no pain *held,* to have satisfied statutory requirement as to prompt report of hernia (Act No. 10, pt. 7, §§ 1, 2, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

2. SAME—HERNIA—DISABILITY—NOTICE OF CLAIM.

Finding of department of labor and industry as to date of plaintiff's disablement from hernia and that notice of claim therefor was filed within statutory period of 120 days *held,* correct (Act No. 10, pt. 7, § 10, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

3. SAME—TRUCK DRIVER—HERNIA—INFERENCES.

Finding of department of labor and industry that plaintiff, employed as a truck driver whose work required him to lift heavy metals, had received hernia as a result of a strain while lifting such metals even though he did not remember the particular occasion *held,* reasonably inferred from the established facts (Act No. 10, pt. 7, §§ 2, 7, 10, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

4. SAME—EARNING CAPACITY—OCCUPATIONAL DISEASE—HERNIA—DATE OF DISABLEMENT AS DATE OF INJURY.

Plaintiff who had been employed as truck driver for about two years and a half prior to noticing a small lump or swelling on his right groin on January 7th and continued at same line of work until early in July averaging a certain amount per week when he became a watchman at a lesser weekly wage until July 15th when he was totally disabled because of hernia was entitled to an award based on earnings as of date of disablement, that being regarded as the date of injury under the occupational disease amendment to the workmen's compensation act (Act No. 10, pt. 7, §§ 2, 3, 7, 10, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

Appeal from Department of Labor and Industry. Submitted April 2, 1940. (Docket No. 12, Calendar

No. 40,803.)    Decided June 3, 1940.    Rehearing denied September 6, 1940.

Edward Gauss presented his claim against Hewitt Metals Corporation, employer, and Travelers Insurance Company, insurer, for injuries sustained while in defendant's employ.    Award to plaintiff.    Defendants appeal.    Modified and affirmed.

*Floyd T. Schermerhorn*, for plaintiff.

*Vandeveer, Vandeveer & Haggerty*, for defendants.

Bushnell, C. J.    Plaintiff Gauss had been employed by defendant Hewitt Metals Corporation as a truck driver for about two and one-half years prior to January 7, 1938.    His work required him to handle heavy metals.    When at home in the evening of January 7, 1938, he noticed a small lump or swelling on his right groin.    He said he did not remember slipping or falling and experienced no pain.    He continued at his regular trucking work until a slack period about six months later.    During the first week of July, on one of his off-days, he hurt his back while helping a friend build a chimney.    On reporting for work again he advised his employer of this injury and was given work as a watchman.    On July 15th, according to plaintiff, the lump ''came out big and really hurt,'' and he was unable to do any work.    He consulted a doctor on the 18th, who advised him that he had a hernia, and he was operated at the University Hospital on August 3d.

Notice and application for adjustment of claim was filed on October 18th and the deputy commissioner awarded plaintiff $18 per week for total disability from July 15, 1938, until further order.    This award was affirmed by the department.

Review of the award requires consideration of the occupational disease amendments (Act No. 61, Pub. Acts 1937, as amended, adding part 7 [Comp. Laws Supp. 1940, § 8485-1 *et seq.,* Stat. Ann. 1939 Cum. Supp. § 17.220 *et seq.*]) to the workmen's compensation law.

. The amendments provide for compensation for hernias "clearly recent in origin and resulting from a strain, arising out of and in the course of employment and promptly reported to the employer" (Act No. 10, pt. 7, § 2, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 8485-2, Stat. Ann. 1939 Cum. Supp. § 17.221]).

In *Riley* v. *Berry Bros. Paint Co., ante,* 500, an employee who knew he had a hernia on November 4th failed to report the fact to his employer until January 6th next, the day after he was laid off. We held that this was not a prompt report as required by section 2 and affirmed an order denying compensation.

In the instant case plaintiff reported the hernia to his employer as soon as he knew of its existence. This satisfied the prompt report requirement of section 2.

Section 1 defines "disability" as "the state of being disabled from earning full wages at the work at which the employee was last employed." Section 7 provides for determination of the date of disablement by the department. Notice of a claim for compensation must be given, according to section 10, within 120 days after the disablement. The department correctly determined the date of plaintiff's disablement to be July 15, 1938, and that the notice of claim was filed within the statutory period.

Appellants contend there is no evidence that the hernia resulted "from a strain, arising out of and in the course of employment." The department

found that the hernia resulted from a strain experienced by plaintiff while lifting heavy metals even though he did not remember the particular occasion. In making this finding, the department drew a reasonable inference from the established facts. See *Brief* v. *General Concrete Construction Co.,* 292 Mich. 529.

While employed as a truck driver, plaintiff's average weekly wage was $31.20, and while employed as a watchman, $15. The department based compensation upon a wage of $31.20. Part 7, § 3, of the act requires compensation to be computed as provided in part 2 of the workmen's compensation act, which in turn provides that compensation shall be based upon the average weekly wage at the time of the injury. (2 Comp. Laws 1929, §§ 8425–8427 [Stat. Ann. §§ 17.159–17.161].) In occupational disease cases the date of disablement is regarded as the date of the injury (section 2). The award should have been computed upon the basis of the $15 average weekly wage which plaintiff was earning on the date of disablement.

The award is affirmed but is remanded for correction as to amount. Costs to appellee.

SHARPE, POTTER, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.