RILEY *v.* BERRY BROTHERS PAINT CO.

WORKMEN'S COMPENSATION—HERNIA—PROMPT NOTICE.

Employee, engaged in lifting 40-pound buckets of paint, who noticed a lump in his groin on November 4, 1937, the next day observed a swelling which he thought might be a rupture, on November 6th consulted a physician who advised him he had a hernia, began wearing a truss a week later, a second truss the next month, and continued to do his regular work until January 5, 1938, when he was laid off and then notified employer of the hernia he had suffered the preceding November, did not comply with mandatory statutory requirement as to prompt notice of hernia in occupational disease amendment to workmen's compensation act so as to entitle him to compensation (Act No. 10, pt. 7, §§ 1, 2, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

Appeal from Department of Labor and Industry. Submitted April 5, 1940. (Docket No. 58, Calendar No. 40,565.) Decided June 3, 1940.

Earl Riley presented his claim against Berry Brothers Paint Company, employer, and Michigan Mutual Liability Company, insurer, for compensation for hernia. Award denied. Plaintiff appeals. Affirmed.

*I. W. Ruskin,* for plaintiff.

*L. J. Carey* and *Geo. J. Cooper,* for defendants.

NORTH, J. Plaintiff while in the employ of the defendant paint company suffered an inguinal hernia. Admittedly it arose out of and in the course of his employment. He petitioned for an award of compensation under the occupational disease amendment

to the workmen's compensation act, *i. e.*, Act No. 61, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 8485-1 *et seq.*, Stat. Ann. 1939 Cum. Supp. § 17.220 *et seq.*). On review before the department, compensation was denied and plaintiff has appealed.

The above-cited amendment contains the following:

"SECTION 1.   *   *   *   (a) The word "disability" means the state of being disabled from earning full wages at the work at which the employee was last employed;

"(b) The word "disablement" means the event of becoming so disabled as defined in subparagraph (a).   *   *   *

"SEC. 2.   The disablement of an employee resulting from an occupational disease or condition described in the following schedule shall be treated as the happening of a personal injury by accident within the meaning of this act and the procedure and practice provided in this act shall apply to all proceedings under this part (7), except where specifically otherwise provided herein."

The schedule in which are set forth 31 disabilities which are compensable contains as the 28th item the following:

"Hernia—Clearly recent in origin and resulting from a strain, arising out of and in the course of employment and promptly reported to the employer."

Compensation was denied on the ground that plaintiff failed to comply with the last above-quoted portion of the statute in that he did not promptly report to his employer the fact that he had suffered a hernia.

On the date of the inception of plaintiff's affliction, November 4, 1937, he was engaged in lifting buckets of paint, each weighing approximately 40 pounds. That evening he noticed a lump in his groin. The

following day he observed a swelling which he suspected might be a rupture. On November 6th plaintiff consulted a physician and was advised that he had a hernia. At the suggestion of his physician, about a week later he procured and began wearing a truss. In December he procured a second truss. During this period and until January 5, 1938, plaintiff continued his regular work "with the exception of stacking the buckets and anything that might be extra heavy." On January 5, 1938, he was laid off from work, and the following day he notified his employer of his disablement. This notice given on January 6th was the first notice to the employer that plaintiff had suffered a hernia on the previous November 4th, notwithstanding plaintiff had been aware of the fact for more than 60 days. The controlling question is whether plaintiff complied with the statutory provision which requires prompt report to the employer.

Plaintiff contends that the statutory words "promptly reported to the employer" refer to the *disablement* of the employee who suffers a hernia, and that under the above-quoted portion of section 1 of part 7 of the amended act disablement occurs when the employee is "disabled from earning full wages at the work at which the employee was last employed." On the other hand, defendants urge that the requirement of promptly reporting to the employer refers to the known occurrence of the hernia; that an employee knowing he has such a hernia must promptly report the fact to his employer notwithstanding the employee is able to continue and does continue in his employment; and that in event of failure to make prompt report an employee is barred from being awarded compensation for a hernia under the provisions of the occupational disease amendment.

We think defendants' contention must be sustained. Of the 31 items included in the schedule of disabilities for which compensation may be awarded under the occupational disease amendment, hernia is the only one to which is appended the requirement that the affliction must be "promptly reported to the employer." And further, in cases of hernia the right to compensation is also restricted by the provision, not only that it must arise out of and in the course of the employment, but that it must be "clearly recent in origin and resulting from a strain." To adopt plaintiff's contention would seemingly defeat the obvious purpose which led the legislature expressly to provide in hernia cases that the happening of the event must be "promptly reported to the employer." It is plain to be seen the legislature may have assumed that a prompt reporting of the hernia was essential to the protection of the employer in determining whether it was of recent origin and also in determining whether it resulted from a strain arising out of and in the course of the employment. This is true notwithstanding there may be some difference of opinion in the medical profession as to the possibility of determining by examination whether hernia is of recent origin. And further, it may well be concluded that since hernia is not only subject to remedial operation, but also if neglected it may become greatly aggravated, especially in certain types of employment, the legislature in including hernia in the schedule of occupational diseases was prompted to provide as a condition precedent to an award of compensation that the happening of the event should be "promptly reported to the employer" to the end that the employer's rights might be properly safeguarded. Such appearing to be the purpose of the provision, it must be held not only to refer to the happening of the hernia, rather than to the happen-

ing of subsequent disability, but it must also be held to be a mandatory provision.

In Kentucky the workmen's compensation law provides for compensation (see Carroll's Ky. Stat. Ann. Baldwin's 1936 Rev. § 4884) to an employee who has sustained a hernia; but the statute requires that the employer should be notified by the employee of his injury "as soon as practicable after the happening thereof." (See Carroll's Ky. Stat. Ann. Baldwin's 1936 Rev. § 4914.) In a recent decision the Kentucky court of appeals held this provision was mandatory and that an employee who sustained a hernia November 4, 1937, but did not notify his employer of the known fact until January 3 or 4, 1938, could not recover compensation because of failure to comply with the quoted statutory provision. The court said:

"By no stretch of the imagination could it be said that appellant (the employee) notified appellee of his injury, which he knew was a compensable one, as soon as practicable after he knew it." *Buckles* v. *Kroger Grocery & Baking Co.*, 280 Ky. 644 (134 S. W. [2d] 221).

In rendering its decision in the instant case the department said: "Certainly it cannot be said that a report 60 days after one has knowledge that he has a hernia is a prompt report of that condition." It was on that ground plaintiff was denied compensation. The award of the department is affirmed, with costs to appellee.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, WIEST, and BUTZEL, JJ., concurred. McALLISTER, J., concurred in the result.