BENNISH v. CADILLAC SHOW CASE CO.

1. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASES—HERNIA
—MEDICAL EXPENSES.

Under the occupational disease amendment to the workmen's
compensation act, since the date of disablement is regarded
as the date of injury, the date of disability is the controlling
factor insofar as the right to medical services is concerned
in case of an occupational hernia (2 Comp. Laws 1929, § 8420;
Act No. 10, pt. 7, § 1 [a], Pub. Acts 1912 [1st Ex. Sess.],
as added by Act No. 61, Pub. Acts 1937).

2. SAME—CARPENTER—HERNIA—MEDICAL EXPENSES.

Where carpenter suffered an occupational hernia on August 7,
1941, and became disabled November 24, 1941, allowance of
medical expenses incurred within 90-day period subsequent to
date of disablement was proper (2 Comp. Laws 1929, § 8420;
Act No. 10, pt. 7, § 1 [a], Pub. Acts 1912 [1st Ex. Sess.], as
added by Act No. 61, Pub. Acts 1937).

Appeal from Department of Labor and Industry.
Submitted June 15, 1941. (Docket No. 71, Calendar
No. 42,383.) Decided September 7, 1943.

Max Bennish presented his claim for compensa-
tion against Irving Goldberg, doing business as
Cadillac Show Case Company, employer, and State
Accident Fund, insurer. On petition to fix medical
fees. Award to plaintiff. Defendants appeal. Af-
firmed.

*I. W. Ruskin,* for plaintiff.

*Harry F. Briggs (Henry A. Compeau* and *Roy
Andrus,* of counsel), for defendants.

SHARPE, J.   Plaintiff was employed by defendant
company as a carpenter and while so employed suf-
fered an occupational hernia on August 7, 1941.   He
continued working for the same employer until on
or about November 4, 1941.   On November 7, 1941,
he was employed by another company.   On Novem-
ber 25, 1941, he was operated upon for the hernia.
On December 9, 1941, an agreement for compensa-
tion was entered into; and later was approved by
the department of labor and industry.   The agree-
ment stated that the date of the accident was Au-
gust 7, 1941, and the date that disability began was
November 24, 1941.   In July, 1942, plaintiff filed a
petition to fix medical fees and in March, 1943, the
department affirmed an award of the deputy com-
missioner granting medical fees.

Defendants appeal and urge that the duty to fur-
nish medical services as stated in 2 Comp. Laws
1929, § 8420 (Stat. Ann. § 17.154), began on Au-
gust 7, 1941, the date when plaintiff suffered the
strain resulting in the operation.

We are not in accord with this theory.   This is
an occupational disease case arising under part 7
of the workmen's compensation law (Act No. 10, pt.
7, Pub. Acts 1912 [1st Ex. Sess.], as added by Act
No. 61, Pub. Acts 1937, as amended [Comp. Laws
Supp. 1940, § 8485-1 *et seq.,* Stat. Ann. 1942 Cum.
Supp. § 17.220 *et seq.*]).   The duty to furnish medi-
cal services under part 7 of the law is provided for
in section 3 of said part, which reads: "If an em-
ployee is disabled   *   *   *   by one of the diseases
mentioned in the schedule   *   *   *   he shall be en-
titled to be furnished with medical and hospital
services, all as provided in part two of this act."

The provision in part 2 of the act, above referred
to, is 2 Comp. Laws 1929, § 8420 (Stat. Ann.
§ 17.154), which provides:

"During the first ninety days after the injury the employer shall furnish, or cause to be furnished, reasonable medical, surgical and hospital services and medicines when they are needed."

Part 7, § 1 (a) of the compensation act provides that the word "disability" means, "the state of being disabled from earning full wages at the work at which the employee was last employed." In *Gauss* v. *Hewitt Metals Corp.*, 293 Mich. 505, we said: "In occupational disease cases the date of disablement is regarded as the date of the injury." The date of disability is the controlling factor insofar as the right to medical services is concerned.

In the case at bar, plaintiff became disabled on November 24, 1941. The medical expenses incurred were within the 90-day period subsequent to the date of disablement.

The award is affirmed, with costs to plaintiff.

Boyles, C. J., and Chandler, North, Starr, Wiest, Butzel, and Bushnell, JJ., concurred.