CAUFIELD *v.* FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—HERNIA SYMPTOMS.

Employee, seeking workmen's compensation, who had been engaged in lifting stabilizers weighing 40 or 50 pounds each, and who felt a ''stitch'' in his side about June 1st, occasionally thereafter had a similar feeling while at work, noticed a swelling and voluntarily terminated his employment September 10th *held*, to have known he had symptoms indicative of hernia during the period of his employment, since such is a matter of fairly common knowledge, especially where he did not testify that he did not suspect or that he did not believe that he had a hernia (Act No. 10, part 7, § 1, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

2. SAME—HERNIA—PROMPT REPORT.

Compliance with the requirement of the occupational disease amendment of the workmen's compensation act that hernia be promptly reported is mandatory if an employee is to be entitled to compensation therefor (Act No. 10, part 7, § 1, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

3. SAME—HERNIA—PROMPT REPORT.

Employee of bomber plant, who had been engaged in lifting 40- or 50-pound stabilizers when he felt a ''stitch'' in his side about June 1st and occasionally thereafter until he quit work on September 10th, was advised of diagnosis of hernia the middle of October but failed to make report thereof to employer until November 16th, did not make a prompt report within the occupational disease amendment to the workmen's compensation act, the record being devoid of any excuse for the month's delay (Act No. 10, part 7, § 1, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

· Appeal from Department of Labor and Industry. Submitted January 5, 1945. (Docket No. 51, Calendar No. 42,865.) Decided February 20, 1945.

Leo William Caufield presented his claim for compensation for hernia against Ford Motor Company, employer. Award to defendant. Plaintiff appeals. Affirmed.

*Theodore R. Bohn,* for plaintiff.

*Doelle, Starkey & Jones,* for defendant.

REID, J. This is an appeal in the nature of certiorari from an award of the department of labor and industry denying plaintiff's claim for compensation for damages resulting from occupational disease, a hernia, incurred during his employment.

Plaintiff entered the employment of defendant early in April, 1943, at the bomber plant at Willow Run. His work was lifting bulky stabilizers, of the weight of about 40 or 50 pounds each, and placing them in the wing of a bomber. He says that some time about June 1, 1943, while lifting a stabilizer, he felt a "stitch" in his side. Occasionally thereafter he had a similar feeling while at work and noticed an occasional swelling but continued to perform the duties of his employment until September 10, 1943, when he voluntarily terminated his employment, solely on account of his wife's illness in Bay City, where he resided. As a result of his application for other employment at Bay City, he was required to undergo a physical examination which disclosed a left inguinal hernia, as the doctor informed him in the middle of October, 1943. On November 16, 1943, he mailed from Bay City a claim

for compensation to defendant at the bomber plant. He had not theretofore notified his employer.

The department on reviewing the claim did not expressly reverse the finding of the deputy that the injury occurred in the employment in defendant's bomber plant nor the finding that if entitled to receive compensation it should be at $21 per week for total disability from October 19, 1943, but did reverse the award by the deputy on the sole ground that the hernia was not promptly reported within the meaning of the statute, Act No. 10, part 7, § 1, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1943, § 8485–1, Stat. Ann. 1944 Cum. Supp. § 17.220). That was the sole reason assigned. However, the award reversed in general words the award of the deputy.

The case of *Riley* v. *Berry Brothers Paint Co.*, 293 Mich. 500, is cited by defendant. In that case a report delayed from November 4, 1937, to January 5, 1938, was held under the peculiar circumstances of that case not a prompt report. In *Gauss* v. *Hewitt Metals Corp.*, 293 Mich. 505, at p. 507, we said:

"In *Riley* v. *Berry Bros. Paint Co.*, *ante*, 500, an employee who knew he had a hernia on November 4th failed to report the fact to his employer until January 6th next, the day after he was laid off. We held that this was not a prompt report as required by section 2 and affirmed an order denying compensation.

"In the instant case plaintiff reported the hernia to his employer *as soon as he knew of its existence.* This satisfied the prompt report requirement of section 2." (Italics supplied.)

The precise date of making the report is not recited in the *Gauss Case*.

In the instant case plaintiff according to his own testimony having felt the stitch in his side about June 1st, thereafter having had a similar feeling and noticing an occasional swelling as above noted, must be considered to have had his attention directed to the likelihood of hernia existing during the period of his employment which terminated September 10th. We further note in the *Riley Case, supra,* p. 502, the following:

"Defendants urge that the requirement of promptly reporting to the employer refers to the known occurrence of the hernia; that an employee knowing he has such a hernia must promptly report the fact to his employer notwithstanding the employee is able to continue and does continue in his employment; and that in event of failure to make prompt report an employee is barred from being awarded compensation for a hernia under the provisions of the occupational disease amendment.

"We think defendants' contention must be sustained."

We would suppose it to be a matter of fairly common knowledge that symptoms such as plaintiff describes are highly indicative of hernia. Plaintiff does not testify that he did not suspect nor that he did not believe that he had hernia; he was not asked either of those two questions.

In determining the promptitude of the report, we cannot allow additional time after the middle of October for plaintiff to ascertain that he would be unable to obtain other employment, especially in view of the following quoted from the *Riley Case, supra,* p. 503:

"It may well be concluded that since hernia is not only subject to remedial operation, but also if neglected it may become greatly aggravated, especially

in certain types of employment, the legislature in including hernia in the schedule of occupational diseases was prompted to provide as a condition precedent to an award of compensation that the happening of the event should be 'promptly reported to the employer' to the end that the employer's rights might be properly safeguarded. Such appearing to be the purpose of the provision, it must be held not only to refer to the happening of the hernia, rather than to the happening of subsequent disability, but it must also be held to be a mandatory provision."

Under the circumstances of the instant case it cannot be said that plaintiff, who, after being informed of the diagnosis in the middle of October, waited until November 16th to mail his former employer the report, "promptly reported" the hernia within the meaning of Act No. 10, pt. 7, § 1, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1943, § 8485-1, Stat. Ann. 1944 Cum. Supp. § 17.220). The record is devoid of any excuse for the month's delay.

The award of the department is affirmed.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSH-NELL, SHARPE, and BOYLES, JJ., concurred.