### MOSES *v.* FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—STRAIN—HERNIA—PROMPT REPORT.
    Employee who, during his employment, suffered a strain which was not due to accident but was promptly reported to his employer and which resulted in a nondisabling hernia of which prompt report was not made as required by statute *held,* not entitled to workmen's compensation therefor in case it becomes disabling (Act No. 10, pt. 7, § 1, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

2. SAME—HERNIA—PROMPT REPORT.
    Compliance with the requirement of the occupational disease amendment of the workmen's compensation act that non-fortuitous hernia be promptly reported is mandatory if an employee is to be entitled to compensation therefor (Act No. 10, pt. 7, § 1, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

    BUTZEL, C. J., and SHARPE, J., dissenting.

Appeal from Department of Labor and Industry. Submitted April 9, 1946. (Docket No. 54, Calendar No. 43,268.) Decided June 3, 1946.

Samuel Moses presented his claim for compensation for hernia against Ford Motor Company, employer. Award to plaintiff. Defendant appeals. Reversed.

*Maurice Sugar (Benjamin Marcus* and *Jerome W. Kelman,* of counsel), for plaintiff.

*E. C. Starkey* and *William J. Jones,* for defendant.

Butzel, C. J. (*dissenting*). Plaintiff claims that while working for defendant in July, 1944, as he lifted a box of scrap he experienced a pain in his right side. He immediately told his foreman he had "hurt" his right side by lifting. The foreman told plaintiff he was going to give him a "pass" to go to the hospital where it would be ascertained what the trouble was. He received no pass or further directions from the employer. During the same month in which he claims he was injured he went to a physician of his own choosing. He was told he had a hernia. He continued to work until the end of September, 1944. He first notified defendant in November, 1944, that he had a hernia as a result of the injury in July, 1944. He was unable to get his job back on account of lack of seniority with defendant, or obtain a job elsewhere because of age.

The case presents a simple question. If plaintiff was bound to notify defendant within a reasonable time after he found that the injury had caused a hernia and he waited over three months, he cannot recover. If, however, the report of the injury immediately after it happened is sufficient notice, plaintiff may recover notwithstanding that the injury resulted in a hernia which was not promptly reported to the employer. The workmen's compensation act,* as amended, provides in section 1 (c), part 7, as follows:

"That a hernia to be compensable must be clearly recent in origin and result from a strain arising out of and in the course of the employment and

---

* Act No. 10, Pub. Acts 1912 (1st Ex. Sess.).—Reporter.

promptly reported to the employer." As added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8485–1, Stat. Ann. 1945 Cum. Supp. § 17.220).

One of the purposes of promptly reporting an injury to the employer is to enable him in turn to make an investigation promptly. On the other hand, there might be good reason to report the hernia promptly so that if possible it could be repaired at once with a comparatively small loss of time on the part of the employee for which the employer might be called upon to pay.

Inasmuch as the plaintiff immediately reported the injury to the defendant, we believe he is entitled to compensation under the statute. It became the duty of the employer to investigate the seriousness of the injury and by so doing it could have amply protected itself. If the strain were not so serious or if the employee did not consider it serious, his failure to report would not have precluded him from claiming compensation because of the hernia, provided upon discovery he promptly reported the existence of the hernia. Under the circumstances, the employer is liable.

The department made the award "that plaintiff sustained an injury arising out of and in the course of his employment by the defendant resulting in hernia but plaintiff is not entitled to compensation for the reason that he has not suffered any disability as the result of such injury."

The award for plaintiff should be affirmed, with costs.

SHARPE, J., concurred with BUTZEL, C. J.

NORTH, J. As I construe the department's finding and award, the holding is that plaintiff suffered a personal injury which would have entitled him to

compensation except "for the reason that he has not suffered any disability as the result of such injury." Obviously the purpose of the department's determination is to enable plaintiff to be later awarded compensation in event his injury results in disability. Otherwise there was no need for the department to modify the award of the deputy who denied compensation, one of the reasons being that "prompt notice of said hernia was not given to the employer."

Review of the record discloses that without any fortuitous circumstance, plaintiff in the regular course of his employment in July, 1944, when lifting a box of scrap experienced a pain in his right side. He at once told his foreman he had a "hurt" in his right side by lifting. Plaintiff was not taken to the employer's first aid department nor given a pass to enable him to go there. However, as plaintiff testified "right after" he experienced the pain, and definitely in the same month he went to his own doctor who then told plaintiff he had a hernia. Notwithstanding plaintiff continued his employment until the last day of September, 1944, when he was laid off because of lack of seniority, he in no way informed his employer that he had a hernia until some time in November, 1944. Under such circumstances, the deputy commissioner correctly held that plaintiff was not entitled to compensation because his hernia was not "promptly reported to the employer," as provided in the statute. Act No. 10, pt. 7, § 1, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8485–1, Stat. Ann. 1945 Cum. Supp. § 17.220).

No claim is made that plaintiff did not have the same knowledge as to his having a hernia in July, 1944, as he had when he reported it the following

November. No excuse for or explanation of plaintiff's delay in giving notice to his employer appears in this record. I cannot escape the conclusion that decision in the instant case is controlled by our former decisions in *Riley* v. *Berry Brothers Paint Co.*, 293 Mich. 500; *Barclay* v. *General Motors Corp.*, 309 Mich. 534; and *Caufield* v. *Ford Motor Co.*, 310 Mich. 555. In the latter case we said that the statutory provision as to prompt reporting "must be held not only to refer to the happening of the hernia, rather than to the happening of subsequent disability, but it must also be held to be a mandatory provision." The department's award is vacated, with costs to appellant.

CARR, BOYLES, REID, and STARR, JJ., concurred with NORTH, J.

BUSHNELL, J., took no part in the decision of this case.