AMAMOTTO v. J. KOZLOFF FISH CO.

1. WORKMEN'S COMPENSATION—SUFFICIENCY OF NOTICE A QUESTION OF FACT—SUPREME COURT—EVIDENCE.

The question of giving sufficient notice of injury under the workmen's compensation act is one of fact and while the finding of the department of labor and industry, if based on competent testimony, is not disturbed by the Supreme Court, the Court does determine whether the inferences drawn are properly deducible from the testimony (2 Comp. Laws 1929, § 8431, as amended by Act No. 245, Pub. Acts 1943).

2. SAME—NOTICE OF HERNIA—EVIDENCE.

Testimony that plaintiff told his employer the day after he received his injury that he had slipped and fallen held, insufficient to establish that plaintiff had given employer notice of having suffered hernia, especially where plaintiff continued to work for the same employer without loss of time (2 Comp. Laws 1929, § 8431, as amended by Act No. 245, Pub. Acts 1943).

3. SAME—ESTABLISHMENT OF CLAIM.

The burden of establishing a claim for workmen's compensation rests upon those seeking the award (2 Comp. Laws 1929, § 8431, as amended by Act No. 245, Pub. Acts 1943).

4. SAME—NOTICE OF INJURY A SUBSTANTIAL RIGHT OF EMPLOYER.

'The statutory condition that the party sought to be charged must be given or have notice or knowledge of the injury to the employee within the limitation provided is a substantial right, which when claimed, may not be ignored either by the department of labor and industry or the court (2 Comp. Laws 1929, § 8431, as amended by Act No. 245, Pub. Acts 1943).

5. SAME—CLAIM FOR COMPENSATION—NOTICE.

It is mandatory that a claim for compensation under the workmen's compensation act be made upon the employer and where no notice of such claim is served upon the employer within the statutory period, no recovery thereunder may be had (2 Comp. Laws 1929, § 8431, as amended by Act No. 245, Pub. Acts 1943).

6. SAME—OCCUPATIONAL DISEASE—PROMPT REPORT OF HERNIA CLEARLY RECENT IN ORIGIN.

In order to obtain compensation for hernia under the occupational disease amendment of the workmen's compensation act it is necessary that the hernia be clearly recent in origin and promptly reported to the employer (Act No. 10, pt. 7, § 1, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943)'.

7. SAME—REPORT OF INJURY.

Under the workmen's compensation act as amended an employer is not required to make any report to the compensation commission where the employee sustains neither loss of time nor a specific loss and did not give the employer notice of a compensable injury or occupational disease (2 Comp. Laws 1929, § 8442; § 8456, as amended by Act No. 245, Pub. Acts 1943).

8. SAME—HERNIA—NOTICE—CLAIM OF INJURY.

Employee who suffered an injury which later resulted in a hernia, but who did not give his employer notice of injury within three months after the happening thereof nor make claim within six months after the occurrence of the injury was not entitled to compensation for total disability due to hernia (2 Comp. Laws 1929, § 8417 et seq., as amended by Act No. 245, Pub. Acts 1943).

Appeal from Department of Labor and Industry. Submitted January 9, 1947. (Docket No. 48, Calendar No. 43,579.) Decided April 17, 1947.

Kenzo Amamotto presented his claim for compensation against J. Kozloff Fish Company, employer, and State Accident Fund, insurer, for personal injury while in its employ. Award to plaintiff. Defendants appeal. Reversed and remanded for entry of order denying compensation.

*Riseman, Lemke & Piotrowski,* for plaintiff.

*Harry F. Briggs* (*Henry A. Compeau,* of counsel), for defendants.

BOYLES, J. On August 8, 1946, plaintiff was awarded compensation by the department of labor and industry for total disability due to hernia. The defendants appeal. The only questions for consideration relate to the giving of notice of injury to the employer and the time within which such notice must be given and claim for compensation must be made.

On November 3, 1944, plaintiff was an employee of the defendant fish company, filleting fish. On that day, while carrying a box of fish, he slipped and fell, the box hitting him in the right thigh or groin. He did not stop working. That evening he felt a pain in his groin, which became worse. The next day, he told his employer that he had slipped and fallen, and was cautioned to be careful. The precise question here involved depends upon whether plaintiff then gave his employer notice of the injury. The only testimony in that regard is from the plaintiff himself. He said nothing to his employer about his injury, on November 3d. Giving his testimony the benefit of all reasonable inferences, he informed Mr. Kozloff, his employer, the next day, that he slipped and fell. When asked a leading question about having a pain, in answer to the question

"Then you told that Mr. Kozloff," he answered "Yes." He does not claim that he told his employer the box hit him in the thigh or groin. At no time then or thereafter did he tell his employer that he had a hernia. Later he testified that he told "every filleter in that room there"—but they were fellow workers, not his superior or employer. No explanation is given as to why he should inform all his fellow workers of his hernia, while refraining from informing his employer of his injury. While the question of giving sufficient notice is one of fact, and while we do not disturb the finding of the department if based upon competent testimony, *LaPorte* v. *Kalamazoo Stove & Furnace Co.*, 308 Mich. 687, 691, we do, however, determine whether the inferences drawn are properly deducible from the testimony. *Ryder* v. *Johnson,* 313 Mich. 702, 705. We cannot conclude from the testimony of plaintiff that Mr. Kozloff would have any reason to think that plaintiff was giving him notice of having suffered a hernia.

Plaintiff continued to work for the defendant fish company without any loss of time. About a week later he discovered that he had a hernia. He made a homemade truss which he wore for about a month, then purchased a secondhand truss, and later a truss in a department store. He gave no notice of the hernia to his employer, or any other notice of any injury, but continued to work for the defendant fish company until early in March of the ensuing year. At that time he quit voluntarily to go into business for himself, and with a partner opened up an oriental food shop. He became totally disabled because of the hernia about January 15, 1946, approximately 15 months after he suffered the injury.

There is no question here but that plaintiff, as a matter of fact, sustained a hernia in the course of

his employment. The only question for consideration is whether notice of the injury was given to the employer and whether claim for compensation was filed, within the statutory limits of time. Plaintiff makes no claim that the employer was given any notice except by the conversation that he had with Mr. Kozloff the day after plaintiff slipped and fell. There is no claim that the employer had any knowledge of the matter, unless derived from said conversation. Plaintiff's claim of having sustained a hernia was never brought to the attention of his employer, until the employer was notified by the department, approximately 15 months after the injury occurred, that plaintiff had then filed with the department of labor and industry a claim for total disability due to hernia.

-Plaintiff knew of his hernial condition within about a week after November 3, 1944. Section 15 of part 2 of the act* (2 Comp. Laws 1929, § 8431), as last amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8431, Stat. Ann. 1946 Cum. Supp. § 17.165), provides:

"No proceedings for compensation for an injury under this act shall be maintained, unless a *notice of the injury* shall have been given to the employer within 3 months after the happening thereof, and unless the claim for compensation with respect to *such injury,* which claim may be either oral or in writing, shall have been made within 6 months after *the occurrence of the same.*"

The injury occurred November 3, 1944. The employer had neither notice nor knowledge of the injury for approximately 15 months. There was nothing to prevent plaintiff from giving such notice to his employer. While the case of *La Duke* v. *Con-*

---

* Act No. 10, Pub. Acts 1912 (1st Ex. Sess.).—REPORTER.

*sumers Power Co.,* 299 Mich. 625, refers to an injury which occurred prior to the 1943 amendment, the requirements of section 15 of part 2 of the act, *supra,* as to giving the employer notice of the injury, and as to the time within which claim for compensation must be made, remain the same, except for changing "accident" to "injury," and "industrial accident board" to "compensation commission." In the *La Duke Case* the Court held (syllabi):

"The burden of establishing a claim for workmen's compensation rests upon those seeking the award (2 Comp. Laws 1929, § 8431).

"The statutory condition that the party sought to be charged must be given or have notice or knowledge of the industrial accident within the limitation provided is a substantial right, which, when claimed, may not be ignored either by the department of labor and industry or the court (2 Comp. Laws 1929, § 8431).

"It is mandatory that a claim for compensation under the workmen's compensation act be made upon the employer and where no notice of such claim is served upon the employer within the statutory period, no recovery thereunder may be had (2 Comp. Laws 1929, § 8431)."

Obviously plaintiff could not obtain compensation for hernia under part 7 of the act, which makes hernia compensable as an occupational disease only when it is clearly recent in origin and promptly reported to the employer. Plaintiff does not seek compensation under part 7. His right to compensation, if any, must be by virtue of part 2 of the act.* In *Moses* v. *Ford Motor Co.,* 314 Mich. 614, Mr. Justice NORTH, writing for the Court, said (pp. 617, 618):

---

* 2 Comp. Laws 1929, § 8417 *et seq.,* as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1943, § 8417 *et seq.,* Stat. Ann. 1943 Cum. Supp. § 17.151 *et seq.*).—REPORTER.

"Review of the record discloses that without any fortuitous circumstance, plaintiff in the regular course of his employment in July, 1944, when lifting a box of scrap experienced a pain in his right side. He at once told his foreman he had a 'hurt' in his right side by lifting. Plaintiff was not taken to the employer's first aid department nor given a pass to enable him to go there. However, as plaintiff testified 'right after' he experienced the pain, and definitely in the same month he went to his own doctor who then told plaintiff he had a hernia. Notwithstanding plaintiff continued his employment until the last day of September, 1944, when he was laid off because of lack of seniority, he in no way informed his employer that he had a hernia until some time in November, 1944. Under such circumstances, the deputy commissioner correctly held that plaintiff was not entitled to compensation because his hernia was not 'promptly reported to the employer,' as provided in the statute. Act No. 10, pt. 7, § 1, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8485-1, Stat. Ann. 1945 Cum. Supp. § 17.220).

"No claim is made that plaintiff did not have the same knowledge as to his having a hernia in July, 1944, as he had when he reported it the following November. No excuse for or explanation of plaintiff's delay in giving notice to his employer appears in this record. I cannot escape the conclusion that decision in the instant case is controlled by our former decisions in *Riley* v. *Berry Brothers Paint Co.*, 293 Mich. 500; *Barclay* v. *General Motors Corp.*, 309 Mich. 534; and *Caufield* v. *Ford Motor Co.*, 310 Mich. 555. In the latter case we said that the statutory provision as to prompt reporting 'must be held not only to refer to the happening of the hernia, rather than to the happening of subsequent disability, but it must also be held to be a mandatory provision.' The department's award is vacated, with costs to appellant."

Had plaintiff's injury occurred prior to the 1943 amendment to the workmen's compensation act, it would have been incumbent upon the defendant fish company to report the same to the commission. At that time section 17 of part 3 of the act (2 Comp. Laws 1929, § 8456 [Stat. Ann. § 17.191]) required the employer to report all accidents to the commission. As to noncompensable accidents it provided:

"(a) In all cases in which the injured employee is injured so slightly that he loses no time, or little time, or returns to work within seven days, the employer shall on the eighth day after the occurrence of the accident make and send to the industrial accident board a report of said accident."

Appellee relies on *Nicholas* v. *St. Johns Table Co.,* 302 Mich. 503; *LaPorte* v. *Kalamazoo Stove & Furnace Co., supra;* and *Hutchinson* v. *Tambasco,* 309 Mich. 597. It is sufficient to point out that the claimed injury in each of these cases occurred before the 1943 amendment to the act. However, this entire section 17 of part 3 of the act was changed by the 1943 amendment (Comp. Laws Supp. 1945, § 8456, Stat. Ann. 1946 Cum. Supp. § 17.191), to read as follows:

"Every employer who is subject to the workmen's compensation act shall keep a record of all *injuries* causing death or disability of any employee arising out of and in the course of the employment, which record shall give the name, address, age, wages of the deceased or disabled employee, the time and cause of the *accident,* the nature and extent of the *injury* and disability, and such other information as the compensation commission may reasonably require by general order. Reports based upon this record shall be furnished to such commission *at such times and in such manner as it may reasonably require by general order upon forms to be procured from such commission.*"

In consequence of the foregoing amendment, and under the authority of section 3 of part 3 of the act,* the commission promulgated a rule stating what re- ·ports must be furnished the commission. Effective March 31, 1944, it provided:

"I. Employers subject to the workmen's compensation act must report to the commission on form 100 within 8 days after occurrence:
"1. Compensable injuries.
"2. Occupational diseases.
"3. Specific losses.
"4. Lost time injuries of one day more than the day or shift on which injury occurred." Michigan Administrative Code (1944), p. 349.

There being no loss of time by plaintiff, no occurrence of a specific loss, no notice of a compensable injury or occupational disease, the employer was not required to make any report to the commission, under the foregoing amendment and the rule of the commission.

Plaintiff did not give his employer notice of the injury within three months after the happening thereof; and in any event plaintiff's claim for compensation with respect to such injury was not made within six months after the occurrence of the same. Plaintiff makes no claim that he comes within any of the exceptions in section 15 of part 2 of the act which could excuse such delay. The award is vacated and the case remanded to the department for entry of an order denying compensation, with costs to appellants.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, REID, NORTH, and DETHMERS, JJ., concurred.

---

* Act No. 10, pt. 3, § 3, Pub. Acts 1912 (1st Ex. Sess.), as amended by Act No. 60, Pub. Acts 1921 (2 Comp. Laws 1929, § 8442 [Stat. Ann. § 17.176]).