## LACOURSIER *v.* FORD MOTOR COMPANY.

1. WORKMEN'S COMPENSATION—QUESTIONS REVIEWABLE—PROXIMATE CAUSE—DELAYED FILING OF CLAIM.

Whether or not compensation commission's finding that plaintiff, while unloading cordwood, received a compensable injury arising out of his employment was correct, is not determined, where his claim was not seasonably filed (2 Comp. Laws 1929, § 8431, as amended by Act No. 245, Pub. Acts 1943).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am. Jur., Workmen's Compensation, § 381.
[1, 2] Requirement of workmen's compensation act as to notice of accident or injury. 78 A.L.R. 1232, supplemented in 92. A.L.R. 505, 107 A.L.R. 815 and in 145 A.L.R. 1263.

2. SAME—FILING OF CLAIM—DELAY—EXCUSE.

Where plaintiff failed to file his claim for workmen's compensation until some 21 months after occurrence of alleged injury and made no claim that he came within any statutory exception excusing such filing within 6-month period required by statute, he is not entitled to such compensation notwithstanding defendant failed to file a report (2 Comp. Laws 1929, § 8431, as amended by Act No. 245, Pub. Acts 1943).

Appeal from Department of Labor and Industry. Submitted June 9, 1948. (Docket No. 25, Calendar No. 43,960.) Decided September 8, 1948. Rehearing denied November 12, 1948.

Eugene LaCoursier presented his claim for compensation against Ford Motor Company for injuries sustained while in its employ. Award to plaintiff. Defendant appeals. Reversed and remanded for entry of order denying compensation.

*L. J. Archambeau,* for plaintiff.

*Paul Rahm,* for defendant.

BUSHNELL, C. J. It is the claim of plaintiff Eugene LaCoursier that he suffered a personal injury on October 31, 1944, while in the employ of defendant Ford Motor Company at Iron Mountain, Michigan.

Plaintiff, a man of small stature, was then 59 years old. His work on the day in question consisted of lifting heavy pieces of cordwood out of a gondola freight car up over its sides onto a conveyer. It is his testimony that, while lifting a log about 4 feet long and 10 inches thick, weighing about 125 to 150 pounds, he gave it an extra push in order to get it over the side of the gondola and felt a sudden sharp pain in his right shoulder. He was sent to the first aid by his foreman and then to the hospital, where he was examined and told by the doctor that "the

ligament in this shoulder is out; there is nothing I can do about it." He returned to work the same day and was put on a lighter job. After about three months he was transferred to work consisting of sweeping around the plant and continued at this work until August 14, 1945, when the plant was closed down due to the end of war activities.

Plaintiff's claim for compensation, dated July 31, 1946, was received by the department of labor and industry on August 2, 1946.

LaCoursier's testimony with respect to the notice of his injury and claim for compensation is as follows:

"*Q.* Now, did you ever ask Mrs. Erickson, the company's compensation clerk, for compensation payments?

"*A.* No. What?

"*Q.* Did you ever ask Mrs. Erickson, the lady you see here, for compensation?

"*A.* Well, she told me—

"*Mr. Rahm:* I object. He said No.

"*Q.* Did you ask her for compensation?

"*Mr. Rahm:* I object to that. He said he didn't ask.

"*Mr. Archambeau:* He didn't say that.

(Argument off the record)

"*Q.* Did you ask her for compensation?

"*Mr. Rahm:* I object.

"*Q.* What did you do when the plant closed on August 14, 1945?

"*A.* Well, I went to her office then and I told her that I got hurt there and I was going to sue. She told me to go home and draw my unemployment and come back and she said, 'we will have a job for you', and they did call me back all right, I will admit, but then I couldn't pass the examination.

"*Q.* When you said you were going to sue did you say you were going to sue for compensation? Were you going to sue for compensation?

"*Mr. Rahm:* I object to that.

"(Arguments at this point)

"*Commissioner:* Well, he is here; he has already sued.

"*Q.* Did you have reference to compensation?

"*Mr. Rahm:* I object; I think that is leading. I object to it.

"*Commissioner:* Tell us about the talk you had with Mrs. Erickson?

"*A.* Oh, well, we had quite a talk over there. She is a little too fast for me, though.

"*Mr. Rahm:* I move that answer be stricken as not responsive to the question.

"*Commissioner:* Your objection will be noted."

It should be noted that the foregoing conversation was sometime after plaintiff had been laid off due to the closing of defendant's plant.

Section 15 of part 2 of the workmen's compensation act, Act No. 10, Pub. Acts 1912 (1st Ex. Sess.) (2 Comp. Laws 1929, § 8431), as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8431, Stat. Ann. 1947 Cum. Supp. § 17.165), provides in part:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer within 3 months after the happening thereof, and unless the claim for compensation with respect to such injury, which claim may be either oral or in writing, shall have been made within 6 months after the occurrence of the same; or, in case of the death of the employee, within 6 months after said death."

The deputy commissioner held that LaCoursier did not receive a personal injury arising out of and in the course of his employment on October 31, 1944, but that his "complaints are due to an old arthritic condition which was aggravated by the heavy work performed by him during the period from April to November, 1944."

On review by the commission the award of the deputy was reversed and compensation was ordered paid to LaCoursier at the rate of $21 per week from August 14, 1945, until further order. The commission found that proper claim had been made within a few days "after he was laid off on August 14, 1945." It further held that the facts in *Hagopian* v. *City of Highland Park*, 313 Mich. 608, were distinguishable, and that LaCoursier "was thereby subjected to a substantially greater hazard of injury than would be found in employment in general. His injury was directly due to such extra hazard and was, therefore, due to causes and conditions which were characteristic of and peculiar to the defendant's business."

It is not necessary to determine whether this latter finding was correct, because plaintiff's claim was not seasonably filed, *i.e.,* within six months after the injury, if any, occurred.

Plaintiff contends that notwithstanding the language of the act defendant failed to file a report with the compensation commission and is, therefore, barred from raising this question. We do not repeat what was recently said in *Amamotto* v. *Kozloff Fish Co.*, 317 Mich. 641. The factual situation there is sufficiently comparable with the one here to make decision in that case controlling. Plaintiff here has made no claim that he comes within any of the exceptions in section 15, therein quoted, which would excuse his delay.

The award is vacated and the cause is remanded for the entry of an order denying compensation. Costs to appellant.

Sharpe, Boyles, Reid, North, Dethmers, Butzel, and Carr, JJ., concurred.