CLICKNER v. INGHAM COUNTY ROAD COMMISSION.

1. WORKMEN'S COMPENSATION—CONSTRUCTION OF STATUTES.
   In giving construction to the workmen's compensation act, words are to be taken and construed in the sense in which they are understood in common language, taking into consideration the text and subject-matter relative to which they are employed (2 Comp. Laws 1929, § 8407 *et seq.*).

2. SAME—AMPUTATION OF LEG.
   Since amputation consists in cutting off a limb or its subdivision in the continuity of the bone structure, an amputation which left five and one-half inches of bone below the knee is *held*, a loss of leg within meaning of workmen's compensation act, although distance from knee to end of stump is six and one-half inches (2 Comp. Laws 1929, § 8426).

Appeal from Department of Labor and Industry. Submitted November 16, 1936. (Docket No. 136, Calendar No. 38,992.) Decided December 28, 1936.

William Clickner presented his claim against Ingham County Road Commission, employer, and State Accident Fund, insurer, for compensation for personal injuries sustained while in its employ. On petition for further compensation. Award to plaintiff. Defendants appeal. Affirmed.

*F. M. Fogg* (*Robert L. Drake,* of counsel), for plaintiff.

*Roy Andrus,* for defendants.

SHARPE, J. On January 26, 1932, plaintiff while in the employ of defendant road commission suf-

fered a compensable accident caused by an injury to his right foot which subsequently became infected. On June 15, 1932, the injured limb was amputated and on July 5, 1932, an agreement was entered into for the payment of compensation to plaintiff at the rate of $11.20 per week for a period of 125 weeks as and for the amputation of the right foot in accordance with 2 Comp. Laws 1929, § 8426. On May 24, 1935, plaintiff filed a petition with the department of labor and industry for further compensation alleging that he had less than five and one-half inches of stump and asking that he receive compensation for the loss of a leg rather than the loss of a foot. On March 3, 1936, the department filed a written opinion and found as a fact that the distance from the knee to the end of the bone on plaintiff's right limb was five and one-half inches, while the distance from the knee to the end of the stump was about six and one-half inches; and awarded plaintiff compensation for the loss of a leg. Defendants appeal.

The sole question involved in this appeal is whether an amputation between the knee and ankle leaving five and one-half inches of bone and six and one-half inches of stump below the knee is the loss of a leg within the meaning of 2 Comp. Laws 1929, § 8426, which provides that:

"An amputation between the knee and foot six or more inches below the knee shall be considered a foot, above this point a leg."

Prior to this time we have never had occasion to construe this amendment, nor have we been able to find where any court has passed upon this precise question. It appears to us to be a question of statutory interpretation and legislative intent.

In *Stocin* v. *C. R. Wilson Body Co.*, 205 Mich. 1, we quoted with approval the following:

"In giving construction to such statutes (workmen's compensation) words are to be taken and construed in the sense in which they are understood in common language, taking into consideration the text and subject-matter relative to which they are employed."

See, also, *Reno* v. *Holmes*, 238 Mich. 572.

In considering the meaning of the word "amputation" we find in Gould & Pyle, Cyclopedia of Medicine and Surgery that the word is defined as follows:

"Amputation consists in cutting off a limb or its subdivision in the continuity of the bone structure."

While one of the purposes of an amputation is to give the best possible sort of a stump to permit the successful application of an artificial limb, yet we are not in accord with the theory that the flesh over the end of the bone is to be considered as the place where the amputation occurred, rather do we think that it was the intent of the legislature to give to the word "amputation" its ordinary and commonly accepted meaning, namely, the severing of a bone. In the instant case, the amputation or severing of the bone was five and one-half inches below the knee and is interpreted as the loss of a leg rather than as the loss of a foot.

The award of the department of labor and industry is affirmed. Plaintiff may recover costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL and TOY, JJ., concurred. POTTER, J., did not sit.