CASSON v. GRAHAM PAIGE MOTOR CO.

1. WORKMEN'S COMPENSATION—HERNIA—NOTICE.

Employee who suffered a pain in region of his right groin a few hours after his transfer to job requiring him to move a fixture weighing 150 pounds at least four times on each piece drilled, who was then examined by the employer's physician and, about two months after returning to former department where the work was still heavy, quit work, was examined by his family physician, and filed a claim for adjustment of compensation for hernia with the department of labor and industry four days thereafter, a duplicate of which claim was received by the employer about three months after the first pain, gave the employer sufficiently prompt notice to be within the requirements of the occupational disease amendment of the workmen's compensation act (Act No. 10, pt. 7, § 1 (c), Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

2. SAME—HERNIA—NOTICE—INSURANCE.

Findings of department of labor and industry that plaintiff was employed at work subjecting him to heavy strains in March and that his hernia was caused by a series of strains which arose out of and in the course of his employment, the last day of which, in May, was after defendant compensation insurance carrier had become subject to the risk, and that prompt notice was given held, supported by evidence (Act No. 10, pt. 7, § 1 (c), Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

3. SAME—DATE OF DISABLEMENT—HERNIA—DEPARTMENT OF LABOR AND INDUSTRY.

The time or date of disease not attributable to a single event is the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death, a date to be determined by the department of labor and industry, and in the case of a hernia liability does not neces-

sarily attach as of the date of the strain but as of the date of disablement (2 Comp. Laws 1929, § 8417, as amended by Act No. 245, Pub. Acts 1943; Act No. 10, pt. 7, § 7, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

Appeal from Department of Labor and Industry. Submitted June 7, 1945. (Docket No. 33, Calendar No. 43,062.) Decided October 8, 1945.

Thomas H. Casson presented his claim for compensation against Graham Paige Motor Company, employer, and Standard Accident Insurance Company and Hartford Accident & Indemnity Company, insurers. Award to plaintiff against employer and Standard Accident Insurance Company. Defendants appeal. Affirmed.

*Bernstein & Bernstein,* for plaintiff.

*Lowell C. Stellberger,* for defendant Standard Accident Insurance Company.

*Kerr, Lacey & Scroggie,* for defendant Hartford Accident & Indemnity Company.

North, J. This is an appeal by the employer and the carrier of its compensation risk from an award of compensation to plaintiff based upon a finding that plaintiff suffered a compensable injury under the occupational disease provisions of the Michigan workmen's compensation act. Plaintiff's injury consists of a right inguinal hernia caused by strains incident to his employment. Appellants present two questions.

1. "Whether or not plaintiff gave prompt notice of the alleged hernia within the time allowed by Act No. 10, pt. 7, § 1 (c), Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937, and

amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1943, § 8485-1, Stat. Ann. 1944 Cum. Supp. § 17.220)?"

As to promptness of notice, the following facts are pertinent. Plaintiff, who was in the employ of defendant motor company from March 19, 1943, to May 3, 1944, was engaged in operating machines. In March, 1944, plaintiff was "loaned" or transferred to another department of the employer than that where he had been working. This new employment required plaintiff in operating his machine to move a fixture weighing 150 pounds at least four times on each piece of stock on which he was doing drill work. Plaintiff experienced pain in the region of his right groin a few hours after he began this new and heavier type of work. After so working "one night and a half," plaintiff went to the first aid department. From there he was taken to and examined by the motor company's physician, Dr. James A. Smith. Dr. Smith testified plaintiff complained of pain along the "adductor muscles in the right side. These are the muscles in the leg." No hernia was found on this examination. The doctor's report delivered by plaintiff to his foreman stated that plaintiff "was too light for the work." Thereupon plaintiff was returned to the department where he had formerly worked; but, as plaintiff testified, he was put back on heavy work. He quit his employment May 3, 1944. He testified he quit:

"Because this pain was getting worse and worse all the time and I couldn't raise the stock up and put it in the mill from the right side. It (the machine) was V shape. I couldn't put this stock forward on it at all."

The department found that plaintiff was required to do heavy work after he was returned from the

department to which he had been loaned.  The record shows he was required to take 40- to 50-pound stock out of a box, put it first through one machine, then through a second machine, and finally to pile the finished product in rows of five pieces high. Prior to plaintiff's having the heavier work in the department to which he was transferred in March, 1944, he had not had a hernia, nor had he experienced pain in his right groin.  He noticed a small lump in his groin about two weeks after the examination by Dr. Smith.  Plaintiff testified he did not know "it was a hernia when you (he) first had that pain down there."  But four or five days after he quit work, and as soon as he could make an appointment, plaintiff was examined by his family physician and was told he had a hernia.  This was May 7 or 8, 1944; and was the first plaintiff actually knew of his hernia condition.  Plaintiff's application for adjustment of compensation, dated May 8, 1944, was filed with the department of labor and industry May 12, 1944.  The department mailed to the employer a duplicate of plaintiff's application on June 6, 1944.  It was received the following day.

Under the facts disclosed by this record, appellants' first question must be answered in the affirmative.  Plaintiff's claim for adjustment of compensation and its receipt by his employer stating that he had suffered a hernia was sufficiently prompt notice to be within the requirements of the statute. Act No. 10, pt. 7, § 1 (c), Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1943, § 8485–1, Stat. Ann. 1944 Cum. Supp. § 17.220).  Because it differs materially in its factual aspect, the instant case is not controlled by *Starkweather* v. *Weidman Lumber Co.*, 270 Mich. 355, or *Caufield* v. *Ford Motor Co.*, 310 Mich. 555.

2. The second question presented by appellants' brief reads:

"Whether or not plaintiff suffered a hernia or personal injury arising out of and in the course of his employment within the meaning and intent of 2 Comp. Laws 1929, § 8417, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1943, § 8417, Stat. Ann. 1944 Cum. Supp. § 17.151), or Act No. 10, pt. 7, § 1 (c), Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1943, § 8485-1, Stat. Ann. 1944 Cum. Supp. § 17.220), for which the Standard Accident Insurance Company should be held liable?"

At the outset it may be noted plaintiff does not claim compensation under the provisions of 2 Comp. Laws 1929, § 8417, as amended by Act No. 245, Pub. Acts 1943, above cited. Instead, plaintiff's claim is solely under the occupational disease provisions of the compensation law. Appellants' contention relative to this second phase of the appeal is stated in their brief as follows:

"Defendant contends that the conclusion of the department of labor and industry is an error of law in finding that plaintiff suffered a hernia for which the Standard Accident Insurance Company should be held liable. The record is devoid of any testimony which would support a finding that plaintiff suffered a hernia, clearly recent in origin, resulting from a strain arising out of and in the course of the employment and promptly reported to the employer while the Standard Accident Insurance Company was on the risk from the first day of May to the time the plaintiff left the employment of the Graham Paige Company May 3, 1944.     *     *     *

"The defendant contends an award should not be entered against the Standard Accident Insurance Company without evidence to support it."

We are not in accord with the contention that the record is devoid of testimony tending to prove plaintiff suffered a hernia of recent origin resulting from strain arising out of and in the course of his employment. Instead, there is abundant evidence in the record to support the conclusion contrary to appellants' contention, as was found by the department. And, as above noted, the record discloses prompt notice to the employer within statutory requirements, and the department so held. We quote the following from the department's finding:

"We find that plaintiff's right inguinal hernia was not caused by a single strain occurring in March, 1944. We find that the hernia was caused by a series of strains which arose out of and in the course of his employment. We further find the date of the injury to be May 3, 1944, the last day of work in the employment in which the plaintiff was last subjected to the conditions causing the hernia, in accordance with section 1 of part 2 of the compensation act as amended."

Further it must be held that at the time plaintiff became disabled the Standard Accident Insurance Company was the insurer on this risk. Prior to May 1, 1944, the motor company's compensation risk was carried by the Hartford Accident & Indemnity Company; but on June 2, 1944, that company filed notice of cancellation of its policy as of May 1, 1944. In the meantime, on April 24, 1944, the Standard Accident Insurance Company had filed with the department notice of its having insured this risk as of May 1, 1944. As of that date the risk was with the Standard Accident Insurance Company. See *Gratopp* v. *Carde Stamping & Tool Co.*, 216 Mich. 355; *Zakrzewski* v. *American Box Board Co.*, 256 Mich. 26. Pertinent to this phase of the instant case the department found, as above

noted, that the date of plaintiff's injury was May 3, 1944, citing the applicable statutory provision (2 Comp. Laws 1929, § 8417, as amended by Act No. 245, Pub. Acts 1943 [Comp. Laws Supp. 1943, § 8417, Stat. Ann. 1944 Cum. Supp. § 17.151]), which reads:

"The term 'time of injury' or 'date of injury' as used in this act shall in the case of a disease or in the case of an injury not attributable to a single event be the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death."

It is also provided in the compensation act (Act No. 10, pt. 7, § 7, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 8485-7, Stat. Ann. 1944 Cum. Supp. § 17.226]) that:

"For the purposes of this part (7) the date of disablement shall be such date as the board * may determine on the hearing of the claim."

Liability does not attach as of the date of the strain, but as of the date of disablement. *Gauss* v. *Hewitt Metals Corp.*, 293 Mich. 505.

Under the facts of the instant case and the law applicable thereto, the department reached the correct conclusion. The award is affirmed, with costs to plaintiff.

STARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. The late Justice WIEST took no part in the decision of this case.

---

* The board here referred to was the industrial accident board whose powers and duties were transferred to the department of labor and industry. The board has been abolished. See 2 Comp. Laws 1929, § 8312 (Stat. Ann. § 17.3).—REPORTER.