MOSIER *v*. MARSHALL FURNACE COMPANY.

1. WORKMEN'S COMPENSATION—DISABILITY A CONDITION PRECEDENT
TO COMPENSATION.

An employee claiming disability due to silicosis could not have
become entitled to compensation until he suffered a disable-
ment; nor could the aggregate total of his compensation there-
for be determined until after the disablement occurred (Act
No. 10, pt. 7, § 4, Pub. Acts 1912 [1st Ex. Sess.], as added
by Act No. 61, Pub. Acts 1937, and amended by Act No. 318,
Pub. Acts 1945).

2. SAME—INCREASE OR DECREASE OF COMPENSATION BY LEGISLATURE.

It is within the power of the legislature to increase or decrease
compensation or change the method employed in computing its
amount under the workmen's compensation act.

3. SAME—COMPUTATION OF COMPENSATION BEGINNING PRIOR TO
AMENDATORY ACT INCREASING RATE AND MAXIMUM OF COMPENSA-
TION—SUBSEQUENT DISABILITY.

The fact that computation of compensation does begin at a time
prior to an amendatory act does not deprive an employee of
the benefits of such amendatory act if the disablement occurs
subsequent to the effective date of such act where it contains
a proviso that rights accruing prior to such effective date
shall be preserved and governed by the provisions of the sec-
tion prior to the effective date thereof (Act No. 10, pt. 7, § 4,
Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61,
Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943
and Act No. 318, Pub. Acts 1945).

4. SAME—DISABLEMENT PRIOR TO EFFECTIVE DATE OF AMENDATORY
ACT—SAVING CLAUSE.

Any right to compensation which accrued by reason of a disable-
ment prior to effective date of amendatory act was preserved
and governed by the act as it stood prior to such act where
the act contained a proviso that rights accruing prior to the

effective date thereof shall be preserved and governed by
the provisions of the section prior to the effective date thereof
(Act No. 10, pt. 7, § 4, Pub. Acts 1912 [1st Ex. Sess.], as
added by Act No. 61, Pub. Acts 1937, and amended by Act
No. 245, Pub. Acts 1943 and Act No. 318, Pub. Acts 1945).

5. SAME—DISABLEMENT SUBSEQUENT TO EFFECTIVE DATE OF AMENDA-
    TORY ACT—INCREASED RATE OF COMPUTING COMPENSATION—
    SILICOSIS.

    Where amendatory act increasing rate of computation of maxi-
        mum compensation for silicosis became effective prior to date
        of employee's disablement therefrom but after the date on
        which computation of maximum amount for disablement due
        to such cause would commence, employee was entitled to have
        computation made at increased rate notwithstanding proviso
        in such amendatory act preserving rights accruing prior to the
        effective date thereof (Act No. 10, pt. 7, § 4, Pub. Acts 1912
        [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937,
        and amended by Act No. 245, Pub. Acts 1943 and Act No. 318,
        Pub. Acts 1945).

Appeal from Department of Labor and Industry.
Submitted April 9, 1947. (Docket No. 19, Calen-
dar No. 43,568.) Decided May 16, 1947.

Edward Mosier presented his claim against Mar-
shall Furnace Company, employer, and Michigan
Mutual Liability Company, insurer, for occupational
disease occurring while in its employ. Award to
plaintiff. Defendants appeal. Affirmed.

*Herbert C. Winsor,* for plaintiff.

*L. J. Carey* and *Geo. J. Cooper,* for defendants.

BUSHNELL, J. Leave to appeal in the nature of
certiorari was granted to appellants Marshall Fur-
nace Company and Michigan Mutual Liability Com-
pany in order to resolve doubt with respect to a
recent amendment to the workmen's compensation

act. The basic question concerns the construction of Act No. 10, pt. 7, § 4, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937, and as amended by Act No. 245, Pub. Acts 1943 and Act No. 318, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 8485-4, Stat. Ann. 1946 Cum. Supp. § 17.223). Part 7 came into the workmen's compensation law by Act No. 61, Pub. Acts 1937, and covers occupational diseases. The schedule of diseases for which compensation was provided in the 1937 act included silicosis and pneumoconiosis. Temporary or permanent total disability or death from silicosis or other dust disease was compensable in an amount not to exceed an aggregate total of $3,000. The aggregate amount payable, according to part 7, § 4 of the act, was to be computed in the following manner:

"If disablement or death occurs during the first calendar month in which this act becomes effective not exceeding the sum of five hundred dollars; if disablement or death occurs during the second calendar month after which this act becomes effective not exceeding the sum of five hundred and fifty dollars; thereafter the total compensation and benefits payable for disability and death shall increase at the rate of fifty dollars each calendar month. The aggregate amount payable shall be determined by the total amount payable in the month in which disablement or death occurs. In no event shall such compensation exceed an aggregate total of three thousand dollars."

In 1943, under Act No. 245, many changes were made in the workmen's compensation act. The schedule of diseases in part 7 was eliminated and in place thereof other appropriate language was substituted. In section 4, with which we are concerned, the method of computing compensation for silicosis

and other dust disease remained unchanged, although the aggregate total of compensation was increased from $3,000 to $4,000.

By Act No. 318, Pub. Acts 1945, further changes were made in section 4. The aggregate total was increased to $6,000; and although the method of computing compensation was retained, the amount added during the second calendar month was increased from $50 to $75, and from $50 to $75 each calendar month thereafter. The 1945 amendment contains this proviso:

"That rights accruing prior to the effective date of this amendatory act shall be preserved and governed by the provisions of this section prior to the effective date of this amendatory act."

The 1945 amendment was ordered to take immediate effect and was approved May 28, 1945. It is with the quoted language of the proviso that we are presently concerned.

Plaintiff Edward Mosier entered the employ of Marshall Furnace Company in 1941. He worked regularly as a molder from the date of his employment, except for occasional layoffs because of lack of work, until April 26, 1943, and from that date continuously to June 30, 1945 without any layoffs. During the summer of 1943 he consulted a physician because of occasional vomiting spells and was treated for secondary anemia. An X-ray of his lungs, made on August 16, 1943, showed evidence of silicosis, but he continued to work until June 30, 1945, when he was given a week's vacation with pay. Because it was believed that a few weeks' rest would be beneficial, he did not return to work at the end of his vacation. On September 18, 1945, he secured a statement from his doctor that he was suffering from silicosis and no longer was able to work as a molder. In the light of this statement

the employer on October 15, 1945, filed a report of industrial injury, reading: "Claims silicosis." In this report under the heading "Date of Injury" the employer stated, "last day worked, June 30, 1945."

Dr. Howard, a specialist in diseases of the lungs, after an X-ray study, made on November 6, 1945, testified that Mosier was suffering from "type two pneumoconiosis with extensive involvement of both lungs."

The department of labor and industry determined that Mosier was entitled to compensation of $21 per week from July 9, 1945, but not to exceed an aggregate of $2,300. This gross amount was computed by the department in the following manner:

"From July 30, 1943 to August, 1943 (the first month silicosis resulting from molding became compensable)... $ 500
From August 30, 1943 to July 9, 1945 (the date of disablement found by the commission) 24 months at $75....... 1,800

Total $2,300"

Defendants contend that the computation should be as follows:

"From July 30, 1943 to August 30, 1943. $ 500
From August 30, 1943 to May 25, 1945 (the effective date of Act No. 318 of 1945) 21 months at $50........... 1,050
From May 25, 1945 to June 30, 1945 (the actual date of disablement) 1 month at $75............................ 75

Total $1,625"

Defendants point out that although the difference in the two computations is only $675, it is important to have a determination of the issue raised in this case so that uniformity may be had in calculating benefits under the present law.

They argue that the department did not follow the course prescribed by this Court when we said in *King* v. *Davidson*, 195 Mich. 157, 159:

"In construing this act, its words are to be taken and construed in the sense in which they are understood in common language, taking into consideration the text and subject-matter relative to which they are employed."

They further point out that:

"If reasonably possible the statute should be so construed as to render all of its provisions operative and to carry out the purpose and intent of the enactment." *Munson* v. *Christie*, 270 Mich. 94, 104.

See, also, *Clickner* v. *Ingham County Road Commission*, 278 Mich. 429.

They urge that the application of these principles of statutory construction requires the conclusion that Mosier's rights are to be preserved and governed by the law as it read up to May 28, 1945. They further claim that Act No. 318, Pub. Acts 1945, applies only to rights accruing after May 28, 1945, and therefore Mosier can only benefit by one monthly increase factor of $75 after May 28th.

Mosier argues from the language in *Casson* v. *Graham Paige Motor Co.*, 312 Mich. 452 (a hernia case), that liability attaches as of the date of disablement. See, also, *Ramsey* v. *Bendix Aviation Corp.*, 314 Mich. 169 (19 N. C. C. A. [N. S.] 590), where it was held in a chrome poisoning case that the liability of defendant should be determined as of the date of the employee's disablement.

We have not heretofore construed the language in controversy and are without the benefit of any direct controlling authority. But see *Stewart* v. *Lakey Foundry & Machine Co.*, 311 Mich. 463. Mosier could not have become entitled to compensa-

tion until he suffered a disablement; nor could the aggregate total of his compensation be determined until after the disablement occurred.

The formula for computing the aggregate amount has remained unchanged since its inception in 1937, except as to one of its factors, *i.e.,* from $50 to $75 per month. We can see no distinction between the change in this factor of the formula and other changes which have been made in the compensation act, such as the recent increase of the maximum weekly compensation from $18 to $21 per week, or changes that have been made in illness and burial expenses, or amounts to be awarded dependents. See Act No. 10, pt. 2, §§ 1, 8, 9, 10, Pub. Acts 1912 (1st Ex. Sess.), as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, §§ 8417, 8424, 8425, 8426, Stat. Ann. 1946 Cum. Supp. §§ 17.155, 17.158, 17.159, 17.160).

Without the language of the proviso here in dispute it might be argued with some force that Mosier is only entitled to compensation in the aggregate of $575, or, at best, $650. The language of the proviso was to protect employees against such an eventuality. The maximum benefit payable is controlled by the amount stated in the 1945 amendment, without regard to the act as it existed before its amendment. Those employers, employees and insurers who are subject to the act are at all times aware that it is within the power of the legislature to increase or decrease compensation or change the method employed in computing its amount. The fact that computation of compensation does begin at a time prior to an amendatory act does not deprive an employee of the benefits of such amendatory act if his disablement occurs subsequent to the effective date of such act. On the other hand, any right to compensation which had accrued by reason of a

disablement prior to the effective date of the amendatory act was preserved and governed by the language of the proviso and is controlled by the act formerly in effect. It was the clear intent of the legislature to leave no doubt that such a right was not extinguished by the enactment of the 1945 amendment.

The award of the department of labor and industry is affirmed, with costs to appellee.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.