LaPorte *v.* KALAMAZOO STOVE & FURNACE CO.

1. Workmen's Compensation—Eye Injury—Finding of Department—Sand.

In proceeding to recover workmen's compensation for loss of eye by employee in foundry with cement floor, statement by department of labor and industry that "sand or a small piece of metal" struck plaintiff's eye was not erroneous because the floor was not covered with sand since sand is a component of cement used in the floor.

2. Same—Eye Injury—Sufficiency of Notice to Employer.

Testimony was sufficient to support department's finding of fact that defendant employer had timely notice of fact that plaintiff suffered an accidental injury to eye causing blindness and was claiming compensation therefor notwithstanding the notice, given to plaintiff's foreman and the company's nurse, may have been informal (2 Comp. Laws 1929, §§ 8431, 8434).

3. Same—Informal Notice of Injury—Intent.

Mere informality of employee's notice to his employer of accidental injury does not raise an inference that the employee intended to mislead employer or that latter and its insurer were misled (2 Comp. Laws 1929, § 8434).

4. Same—Verbal Notice of Injury.

The giving of a verbal notice of accidental injury by employee to his employer does not bar proceedings to recover workmen's compensation (2 Comp. Laws 1929, § 8434).

5. Same—Notice—Question of Fact.

The question of the giving of timely and sufficient notice of an injury is a question of fact and where award is based upon testimony as to the facts the Supreme Court will not disturb it (2 Comp. Laws 1929, §§ 8431, 8434).

Appeal from Department of Labor and Industry. Submitted April 5, 1944. (Docket No. 18, Calendar No. 42,468.) Decided May 17, 1944.

Arthur LaPorte presented his claim against Kalamazoo Stove & Furnace Company, employer, and Liberty Mutual Insurance Company, insurer, for loss of eye. Award to plaintiff. Defendants appeal. Affirmed.

*Edward J. Ryan,* for plaintiff.

*Alexander, McCaslin & Cholette,* for defendants.

BUTZEL, J. Plaintiff and appellee was awarded compensation from the Kalamazoo Stove & Furnace Company and Liberty Mutual Insurance Company, defendants and appellants, for the loss of vision of the left eye. Plaintiff had worked for many years for the Kalamazoo Stove & Furnace Company. In 1934, he had eye trouble resulting from sand getting into his left eye. He had a recurrence of eye trouble in 1939. He claimed that on April 2, 1942, while pushing a bull ladle of molten iron on an overhead track in the foundry, some of the metal spilled over the side of the ladle, fell to the floor and either a piece of the metal or a piece of cement flew up and struck him in the left eye. He was seen to put his hands up to his eyes and cry out with pain. There were two eyewitnesses to the accident. The men in the foundry at the time urged their floor committee to insist upon a new set of tracks and pulleys being installed in place of the defective ones which caused the accident. Plaintiff after sitting around for a while tried to finish pouring off metal into a mold but was obliged to go home on account of the pain in the eye. The following day, Friday, April 3d, he worked. He again came to work on April 4, 1942, but the eye troubled him. He did not return to work the following Monday because of the pain. He at first attributed the condition of his left eye to a recurrence of iritis attacks of previous years. Af-

ter the accident he made several visits to the foundry. He wore a white bandage over his eye. He showed his. eye to the foreman who tried to dissuade him from believing that the condition was serious. According to the testimony, one or two days before July 2, 1942, the expiration of the three-month period in which defendant was entitled to notice or knowledge of the accident, plaintiff paid a visit to the main office of the stove company and reported to the company nurse that he was blind in his eye and made a claim for compensation and stated that his blindness was due to his employment. Notwithstanding the fact that there might be some question as to whether plaintiff's disability was not due to a recurrence of iritis and not to the accident, and notwithstanding the fact that plaintiff was first under the impression that his disability was due to a recurrence of iritis, from which he had suffered several times in the past, defendants concede that there was testimony to show that plaintiff did suffer an industrial accident arising out of and in the course of his employment as claimed and that they are bound by the finding of the department to that extent.

Although the findings of the department stated that "sand or a small piece of metal" struck plaintiff's eye, appellants show that the cement floor was not covered with sand. It is immaterial whether plaintiff was struck by a particle of sand or cement, a component part of the latter being sand. The words are used interchangeably.

Defendants, however, claim that the stove company was not notified of the accident within the three months from the time of its occurrence as provided by law,* and, therefore, they cannot be held liable for compensation. No question is raised but

* See 2 Comp. Laws 1929, § 8431 (Stat. Ann. § 17.165).—REPORTER.

that defendants were entitled to this three months' notice. The issue is whether sufficient notice was given within the three months from the date of the accident.

On July 1, 1942, within a day or two after the adjuster visited plaintiff, and shortly after plaintiff had visited the company's office and had seen the nurse, the stove company filed a report of compensable accident and stated that the cause and manner of the accident was that:

"Employee alleges he got sand in left eye on 12–17–34 and many times since. Last time probably between January and March of 1942."

Plaintiff filed a notice and application for adjustment of claim dated October 1, 1942. In it he stated that the accident occurred on March 11, 1942. There is testimony also that plaintiff did not ascribe the accident as the cause for his blindness until a considerable period after July 1, 1942. On the other hand, plaintiff positively identified the date of the accident by showing that on April 4, 1942, his condition became such that he had to quit work, and that the accident happened on the Thursday before the last day he reported for work. For this reason the date of the accident would be April 2, 1942. The adjuster for the insurance company on cross-examination stated that he saw plaintiff at his home on July 1, 1942, that he went there because the company's nurse one or two days previous thereto had stated that plaintiff had come in and stated that he was suffering from blindness in the eye, that it was due to his employment, that he had made a claim against the company, and that in fact he was claiming compensation. There was, therefore, competent testimony that the accident took place on April 2, 1942, and that in less than three

months thereafter plaintiff had been at the company's office and told of his blindness and was claiming compensation.

Part 2, § 18, of the workmen's compensation law, 2 Comp. Laws 1929, § 8434 (Stat. Ann. § 17.168), provides as follows:

"A notice given under the provisions of this act shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place or cause of the injury, unless it is shown that it was the intention to mislead, and the employer, or the insurance company carrying such risk, or the commissioner of insurance, as the case may be, was in fact misled thereby. Want of such written notice shall not be a bar to proceedings under this act, if it be shown that the employer had notice or knowledge of the injury."

There was testimony that the company was given notice within the three months, as is required by the statute. There cannot be any claim from its informality that it was plaintiff's intention to mislead or that the employer and insurance company were misled. The giving of a verbal notice was not a bar to proceedings under the act. The question of the giving of timely and sufficient notice is one of fact. As the award of the department was based upon testimony as to the facts, we decline to disturb it.

The award is affirmed, with costs to plaintiff.

NORTH, C. J., and STARR, WIEST, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.