BANKS v. PACKARD MOTOR CAR COMPANY.

1. WORKMEN'S COMPENSATION—FINDINGS OF COMMISSION—EVIDENCE.
   Findings of the workmen's compensation commission that plaintiff suffered injury to her right, rather than left, shoulder while in defendant's employ and that the injuries were compensable and resulted in total disability and loss of wage-earning capacity as a common laborer are binding upon the Supreme Court, where based on competent testimony (CL 1948, § 413.12).

2. SAME—NOTICE OF INJURY—TIME.
   The statutory right of the employer to notice of employee's injury within 3 months of its occurrence is a substantial right, its purpose being to give him an opportunity to inquire into the alleged injury while the facts are accessible and to provide the skilled medical and surgical care necessary to speed the recovery of the injured employee and minimize the loss (CL 1948, § 412.15).

3. SAME—NOTICE OF INJURY—KIND OF NOTICE.
   The notice of an injury to an employee, which may be written or oral, requires no niceties of expression so long as it is of a nature to reasonably inform the employer that a compensable injury was sustained (CL 1948, § 412.15).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 6]  58 Am Jur, Workmen's Compensation, § 530 *et seq.*
[2–5, 7, 8]  58 Am Jur, Workmen's Compensation, § 375 *et seq.*
[2–5, 7, 8]  Requirement of workmen's compensation act as to notice of accident or injury.  78 ALR 1232; 92 ALR 505; 107 ALR 815; 145 ALR 1263.

4. SAME—WANT OF WRITTEN NOTICE OF INJURY—ACTUAL NOTICE.

Want of written notice to an employer is not a bar to proceedings under the workmen's compensation act if it is shown that the employer had notice or knowledge of the injury, as actual knowledge is the equivalent of written notice (CL 1948, § 412.18).

5. SAME—NOTICE OF INJURY—FOREMAN—FIRST-AID REPRESENTATIVES.

An employer will be bound under the workmen's compensation act by notice to, or knowledge of, his foreman or first-aid representatives of a compensable injury (CL 1948, §§ 412.15, 412.18).

6. SAME—FAILURE OF COMMISSION TO MAKE AN EXPRESS FINDING—EXAMINATION OF RECORD BY SUPREME COURT.

The Supreme Court may examine the testimony taken at a hearing on a claim for workmen's compensation to determine whether there is any competent evidence to support the award of the workmen's compensation commission, where the commission fails to make an express finding upon a material issue.

7. SAME—NOTICE OR KNOWLEDGE OF INJURY—EVIDENCE.

Competent evidence of notice to, or knowledge of, employer of a compensable injury to plaintiff's right shoulder, *held*, to be present in record (CL 1948, §§ 412.15, 412.18).

8. SAME—NOTICE OF INJURY—TIME—EVIDENCE.

Plaintiff's testimony that foreman transferred her to lighter work upon her complaint as to inability to handle aluminum aircraft motor blocks because of injury then recently received constituted requisite and timely knowledge of the injury to plaintiff on the part of the employer (CL 1948, §§ 412.15, 412.18).

Appeal from Workmen's Compensation Commission. Submitted June 8, 1950. (Docket No. 48, Calendar No. 44,575.) Decided October 2, 1950.

Juanita Banks presented her claim against Packard Motor Car Company for injuries sustained while in its employ. Award to plaintiff. Defendant appeals. Affirmed.

*Floyd T. Schermerhorn,* for plaintiff.

*Carl R. Binns,* for defendant.

BUTZEL, J.   This is an appeal in the nature of cer- -teriori by the Packard Motor Car Company from an award of the workmen's compensation commission to Juanita Banks for total disability from December 4, 1946.   Defendant contends that neither loss of wage-earning capacity nor total disability as a result of the particular injury were established; that plaintiff failed to give notice of the nature of the injury within 3 months of its occurrence; and that plaintiff failed to claim compensation within the prescribed period.

Plaintiff, a common laborer, was hired by the defendant in 1942.   On April 16, 1945, while lifting an aluminum aircraft motor block to another table, she slipped on some soapy water and fell, striking her shoulder against a table.   She obtained a first-aid card from her foreman and reported for treatment. Treatment was continued until the latter part of June.   Her arm was immobilized in a sling for a substantial part of this period and on June 7th she was given an injection of 5cc. of procaine in the sub-. deltoid muscle.   No working time was lost, as her assigned job was changed from inserting brass tubes in motor blocks, which required the use of both hands and the exertion of considerable force, to inserting rubber seals, an easy one-handed task.   She was reassigned to her original job and approximately 3 weeks thereafter, on August 20, 1945, was laid off for lack of work.

Plaintiff thereupon returned to Poplar Bluffs, Missouri, and did not seek or obtain any employment until the latter part of 1946.   On October 18th of that year she began working for the Carter Carburetor Company of St. Louis.   She was discharged the fol-

lowing December 3d as unsatisfactory from the standpoint of both quality of work performed and attendance. She testified that her absenteeism was due to pain and suffering from the shoulder injury, aggravated by the work.

The medical testimony, while partially conflicting, established the fact that plaintiff has a limitation of range of motion of her right shoulder as a result of adhesive capsulitis with calcification within the region of the super-spinatus tendon, which could be very painful. The commission made a finding, based upon the medical testimony, that the work done at the Carter Carburetor Company resulted in a flare-up of the shoulder condition caused by the injury of April 16, 1945. Plaintiff was awarded compensation for total disability from December 4, 1946, as the commission attributed any prior loss of earnings to the failure to seek employment, not to the injury.

The defendant's first-aid records show that the injuries treated were to plaintiff's left shoulder. Plaintiff, on the other hand, testified that the injury of April 16, 1945, and its subsequent treatment were to her right shoulder, and the commission so found. The findings in this regard and with respect to plaintiff having sustained compensable injuries resulting in total disability and loss of wage-earning capacity as a common laborer were based upon competent testimony and are binding upon this Court. CL 1948, § 413.12 (Stat Ann 1949 Cum Supp § 17.186).

Defendant contends that plaintiff failed to give notice of injury within 3 months of its occurrence and is therefore not entitled to compensation. CL 1948, § 412.15 (Stat Ann 1949 Cum Supp § 17.165). The employer is entitled to such notice as a substantial right (*Maki* v. *S. J. Groves & Sons,* 279 Mich 644; *Gower* v. *Department of Conservation,* 317 Mich 333), its purpose being to give him an opportunity to inquire into the alleged injury, while the

facts are accessible and to provide the skilled medical and surgical care necessary to speed the recovery of the injured employee and minimize the loss. *Littleton* v. *Grand Trunk Railway Co., Inc.,* 276 Mich 41; *Henderson* v. *Consumers Power Co.,* 301 Mich 564; *Palchak* v. *Murray Corporation of America,* 318 Mich 482. The notice, which may be written or oral, requires no niceties of expression so long as it is of a nature to reasonably inform the employer that a compensable injury was sustained. *Littleton* v. *Grand Trunk Railway Co., Inc., supra; Henderson* v. *Consumers Power Co., supra.*

Want of written notice is not a bar to proceedings under the act if it is shown that the employer had notice or knowledge of the injury (CL 1948, § 412.18 [Stat Ann § 17.168]), actual knowledge being the equivalent of notice. *Henderson* v. *Consumers Power Co., supra; Shaw* v. *General Motors Corp.,* 320 Mich 338. An employer will be bound by notice to, or knowledge of, his foreman or first-aid representatives. *LaPorte* v. *Kalamazoo Stove & Furnace Co.,* 308 Mich 687; *Hutchinson* v. *Tambasco,* 309 Mich 597; *Shaw* v. *General Motors Corp., supra.*

As the commission failed to make an express finding whether there were the prerequisites to recovery, timely notice or knowledge of the injury and timely claim for compensation, the following excerpt from *Goines* v. *Kelsey Hayes Wheel Company,* 294 Mich 156, quoted with approval in *Flynn* v. *Western Board & Paper Co.,* 318 Mich 28, is applicable:

"It is well settled that if the department* fails to make a finding upon a material issue, we may examine the testimony taken at the hearing to determine whether there is any competent evidence to support

---

* The workmen's compensation commission is now the governmental agency charged with the administration of the workmen's compensation act, see CL 1948, § 408.6 (Stat Ann 1949 Cum Supp § 17.6[6]).—REPORTER.

the award. See *Foley* v. *Detroit United Railway,* 190 Mich 507; *Harris* v. *Castile Mining Co.,* 222 Mich 709; *Trice* v. *Orchard Farm Pie Co.,* 281 Mich 301."

On cross-examination plaintiff testified as follows:

"*Q.* Now, to refresh your memory, witness, on or about October 4, 1944, that would be a few months prior to the date you said you had this accident, you went—do you remember going to the first aid, claiming you had sprained your left arm?

"*A.* Well, it felt like it was sprained or broken or something.

"*Q.* You told them you thought it was from your job of putting these tubes in the boxes?

"*A.* I didn't tell them—I thought it was from falling.

"*Q.* From falling?

"*A.* Yes, That is what I told the nurse.

"*Q.* That was in 1944, you hurt your left—how did you happen to hurt your left arm, if you remember?

"*A.* I fell 2 or 3 times, but this one time I never did go to the hospital every time that I got a little cut or hurt, but this one time that I fell and hurt my shoulder it was in May, 1945, that is when I went to the hospital."

While the above testimony is not entirely clear, it should be considered in conjunction with plaintiff's testimony almost immediately following it, that although she may have visited the hospital in October, 1944, she did not remember doing so. The fair inference is that in the above testimony plaintiff was referring to the time when she was being treated for the shoulder injury upon which this claim is based as the occasion when she imparted the information that the injury resulted from a falling. Therefore, the record contains competent evidence of notice or knowledge of this injury to support the award.

There is no merit to defendant's contention that the right to compensation was barred for failure to

make a claim within the period prescribed by statute. CL 1948, § 412.15 (Stat Ann 1949 Cum Supp § 17.165). Plaintiff testified that following her injury she asked her foreman if she could go home and remain there until her shoulder felt better and draw some compensation, speaking of workmen's compensation. The foreman replied that he would give her a lighter job and that she could stay in the shop and draw her pay. This constituted the requisite notice. *Thompson* v. *Lake Superior Lumber Corp.*, 318 Mich 510.

The award is affirmed, with costs to plaintiff.

REID, NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred. BOYLES, C. J., concurred in the result.