WHITE v. REVERE COPPER & BRASS, INC.

1. Workmen's Compensation — Evidence — References — Appeal Board.

    The Workmen's Compensation Appeal Board may not draw inferences contrary to undisputed evidence.

2. Workmen's Compensation — Employee-Employer — Notice of Disability — Evidence.

    The Workmen's Compensation Appeal Board may expressly reject testimony of plaintiff indicating plaintiff had given defendant, his employer, notice within 120 days of an occupational disease causing disability, but it cannot draw inferences contrary to undisputed evidence, and therefore where plaintiff's testimony is the only evidence presented relating to notice, the board may not properly deduce from the evidence that no notice was given (MCLA § 417.10).

---

References for Points in Headnotes

[1, 3]  58 Am Jur, Workmen's Compensation § 532.
[2]  58 Am Jur, Workmen's Compensation § 380.

3. WORKMEN'S COMPENSATION—APPEAL BOARD—APPEAL AND ERROR
—OCCUPATIONAL DISEASE—DISABILITY—NOTIFICATION—EVIDENCE.

   Court of Appeals affirmation of Workmen's Compensation Appeal Board finding that defendant employer did not receive notification within 120 days of plaintiff employee's disabling occupational disease is reversed and remanded to Workmen's Compensation Appeal Board for determination that defendant did receive timely notice as required by statute, where plaintiff presented undisputed evidence to support a finding that notice was given (MCLA § 417.10).

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and McGregor and Levin, JJ., affirming Workmen's Compensation Appeal Board. Submitted January 13, 1970. (Calendar No. 4, Docket No. 52,238.) Decided April 13, 1970.

14 Mich App 31, reversed.

Ivory White presented his claim against Revere Copper & Brass, Inc., for compensation because of disability from pulmonary emphysema and an inguinal hernia. Benefits denied. Plaintiff appealed to Court of Appeals. Affirmed. Plaintiff appeals. Reversed and remanded for further proceedings.

*Rothe, Marston, Mazey, Sachs & O'Connell (A. Donald Kadushin,* of counsel), for plaintiff.

*Clark, Klein, Winter, Parsons & Prewitt (David P. Wood,* of counsel), for defendant.

T. M. KAVANAGH, J. From an award for an occupationally related pulmonary disablement by the hearing referee, defendant appealed to the Workmen's Compensation Appeal Board. The appeal board, reversing the referee's award, held that plaintiff failed to comply with notice provisions of the

Workmen's Compensation Act.[1] The Court of Appeals affirmed and further held that denial of an opportunity for oral argument before a reconstituted membership of the appeal board did not deny plaintiff due process of law. 14 Mich App 31. Application for leave to appeal was granted by this Court on March 19, 1969. 381 Mich 809.

Plaintiff began his employment with Revere Copper and Brass in 1923 and was employed there continuously from 1925 to January 30, 1958. During the 33 years of his employment with defendant, plaintiff did heavy, hard and dangerous work in an atmosphere of concentrated dust, smoke and fumes. First aid records of the defendant showed that plaintiff was treated through the years for many accidental injuries, including one which caused the amputation of a finger, and often had to have dust particles removed from his eyes.

Plaintiff is afflicted with pulmonary emphysema. He first noticed the effects from fumes and dust in the early 1950's with choking, difficulty in breathing, and a cough which began in 1951. Though he did not know the cause of the affliction, he talked to his foreman and told him that he would get choked up and start coughing and couldn't keep up with the heavy work. Concededly, his foreman made no report to defendant company of plaintiff's condition, but instead suggested that plaintiff retire. These general complaints of difficult in breathing, which plaintiff attributed to an asthmatic condition, continued until plaintiff's retirement in 1958.

In January 1958 plaintiff had a right inguinal hernia surgically repaired and was paid compensation benefits through March 16, 1958. Plaintiff reported back to work after the hernia repair with a release from the doctor for light work only, but

[1] CL 1948, § 411.1 *et seq*. (Stat Ann 1968 Rev § 17.141 *et seq*.).

was informed that there was no light work available. He was laid off and collected unemployment insurance for a period of 13 weeks. On April 1, 1958, the defendant company placed him on involuntary retirement although at that time plaintiff was only 65 years old and his union contract with Revere Copper and Brass provided for retirement at age 68.

Plaintiff filed a claim with the Workmen's Compensation Department on December 4, 1963, alleging that he had suffered, on or about April 1957, a personal injury caused by repeated lifting, turning and bending and an occupational disease caused by exposure to dust, smoke, fumes and related irritants. After an extensive hearing, the referee found that plaintiff had no continuing disability from the repaired right hernia and that the left hernia was not compensable. However, the referee further found that plaintiff had received a personal injury arising out of and in the course of his employment on January 30, 1958, in the nature of a pulmonary disease and ordered payment of compensation therefor, not to exceed $10,500.

Defendant appealed to the Workmen's Compensation Appeal Board on several grounds, one of which was a lack of timely notice of claim by plaintiff. Application for review of claim was made by plaintiff, asking for reversal of rejection of the hernia claims. On October 7, 1966, the appeal board entered its decision, with four members holding that the referee was affirmed in his decision on the hernia claims, but reversed in his decision on the lung disease claim, finding that benefits should be denied because of lack of proper notice and claim. One of the four members of the appeal board subscribing this opinion was Sam F. Trentacosta, who was not appointed to the board until after briefs were filed, oral arguments completed, and the case submitted. Three

members of the appeal board submitted a dissent, finding that plaintiff had communicated all that he, himself, knew to company representatives and that the requirements of notice and claim were satisfied.

The Court of Appeals affirmed the decision of the Workmen's Compensation Appeal Board.

Plaintiff, here on leave granted, raises the following issues:

(1) The findings of fact by the Workmen's Compensation Appeal Board that plaintiff failed to give timely statutory notice to defendant of his occupational disablement is not supported by *any* evidence.

(2) Where a member of the Workmen's Compensation Appeal Board was not appointed to that board until after oral arguments were presented, a denial of due process would result if such member were permitted to participate in the decision of the case.

Plaintiff's position on the first issue is that his unrebutted and uncontradicted testimony regardir' an occupational disease, even though not identified as emphysema, is the only evidence in the reco going to the issue of notice. He further contends there is nothing to support defendant's contention that plaintiff failed to notify defendant of his condition during the 120-day statutory period. Defendant, on the other hand, cites the old established law that the appeal board is the official finder of facts, and that its finding of lack of statutorily required timely notice was supported by the record and, therefore, not reviewable by this Court.

A careful review of the record reveals that the only evidence relating to the question of notice was that positively averred and testified to by plaintiff.[2]

---

[2] "*Q. (By Mr. O'Connell, attorney for plaintiff)*: When did you first notice any effect from those fumes or dust?
"*A.* Around 1950—'56, somewhere along in there.

Not an iota of evidence is presented in this record denying or rebutting plaintiff's proofs.

Although the appeal board could have expressly rejected plaintiff's testimony going to the question of notice (*Gotich* v. *Kalamazoo Stove Company* [1958], 352 Mich 88), it could not properly deduce from the only evidence in the record that no notice was given. *Amamotto* v. *J. Kozloff Fish Co.* (1947), 317 Mich 641; *Glenn* v. *McDonald Dairy Co.* (1935), 270 Mich 346. The appeal board cannot draw in-

---

"*Q.* Well, what problem did you notice?

"*A.* I noticed my wind was beginning to get short and I had, you know, my breathing was slow, I couldn't, you know, breathe, I get full up, you know, all the time.

"*Q.* How do you know you would get full up?

"*A.* Well, I get choked up, you know, and I couldn't breathe and I would go home at night, I just cough, cough.

"*Q.* When did this cough first start?

"*A.* Started around, about '51.

"*Q.* Did you ever talk to any of the foreman about this problem?

"*A.* Yes, sir, I talked to Johnny Meyer.

    *The Referee:* Johnny who?

    *Mr. O'Connell:* Johnny Meyer.

"*Q.* (*By Mr. O'Connell*): Was Johnny Meyer ever foreman?

"*A.* Yes.

"*Q.* I see, what did you tell Johnny Meyer?

"*A.* Well, I told him, you know, a lot of times he put me on the heavy jobs, I told him that I couldn't do it on account of this, you know, I thought I had asthma, I didn't know what it was, but I would get choked up, you know, when I get working fast, trying to keep up I found out I couldn't keep up on account of, you know, I would get too warm or something, I got hot and I start coughing and so it began to, you know, I began to slow down and the fellows didn't, you know, have no sympathy with me because I was, you know   *   *   *   .

"*Q.* What was the discussion with Johnny Meyer, what did you tell him, though, about this?

"*A.* Well, Johnny Meyer would tell me, he say, 'White, I don't have nothing for you to do, he said, you ought to retire'.

                    *   *   *

"*Q.* Did you tell him what your problem was?

"*A.* I told him I had a heaviness in my chest and I just—I wasn't able to do it and my side, lots of times my side would hurt me so that I, you know, I couldn't hardly get my wind, so I just, I tell him that I didn't want to do it, but not because I didn't want to do it, but because I wasn't able.

"*Q.* And he would just suggest that you retire, is that it?

"*A.* Johnny suggested I don't know how many times that I should retire."

ferences contrary to undisputed evidence. *Adkins* v. *Rives Plating Corporation* (1953), 338 Mich 265; *Ash* v. *Great Lakes Greyhound Lines* (1953), 337 Mich 362; *Harris* v. *Checker Cab Manufacturing Corporation* (1952), 333 Mich 66.

We conclude that there is no competent evidence to support the appeal board's finding of fact that notice was not given. *Cornish* v. *Jackson & Tindle, Inc.* (1938), 285 Mich 566; compare with *Graham* v. *City of Lansing* (1942), 303 Mich 98, and *LaPorte* v. *Kalamazoo Stove & Furnace Co.* (1944), 308 Mich 687. Our review of this record compels us to hold that defendant did receive timely notice of plaintiff's disablement from occupational disease, as required by MCLA § 417.10 (Stat Ann 1968 Rev § 17-.229). *Coates* v. *Continental Motors Corporation* (1964), 373 Mich 461; *Banks* v. *Packard Motor Car Company* (1950), 328 Mich 513, 517, 518.

In view of the above holding, we need not pass upon the second issue presented by this appeal.

The decision of the Court of Appeals is reversed and the cause remanded to the Workmen's Compensation Appeal Board for further proceedings in conformity with this opinion.

T. E. BRENNAN, C. J., and DETHMERS, KELLY, and ADAMS, JJ., concurred with T. M. KAVANAGH, J.

BLACK and T. G. KAVANAGH, JJ., concurred in result.