McBETH v CHRYSLER CORPORATION

1. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASE—NOTICE.

Notice of an occupational disease shall be given to an employer within 120 days after the disablement to qualify an employee for workmen's compensation benefits, but want of such written notice shall not be a bar to proceedings under the Workmen's Compensation Act if it be shown that the employer had notice or knowledge of the disability (MCLA 412.18[418.383], 417.10[418.441]).

2. WORKMEN'S COMPENSATION—INJURY—NOTICE.

The purpose of the notice requirement of the Workmen's Compensation Act is to provide an opportunity to the employer to inquire into the alleged injury while the facts are accessible.

3. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASE—NOTICE.

Evidence that an employee had informed his foreman and his supervisor that dust from his job was making his health worse coupled with successive job transfers, indicated that notice of plaintiff's health problems had been given to the defendant and satisfied the requirement of the Workmen's Compensation Act that the employer have knowledge that the job was having some effect on the employee (MCLA 417.10[418.441]).

4. WORKMEN'S COMPENSATION—DISABILITY—NOTICE—RETIREMENT.

There is no statutory requirement that notice of disability be given to an employer at the time an employee retires.

5. WORKMEN'S COMPENSATION—DISABILITY—NOTICE—UNDISPUTED EVIDENCE—APPEAL AND ERROR.

There was no evidence to support a finding of the Workmen's Compensation Appeal Board that an employee had failed to satisfy the notice requirements of the Workmen's Compensation Act where the plaintiff testified that he had discussed his

---

· REFERENCES FOR POINTS IN HEADNOTES

[1–3, 5] 58 Am Jur, Workmen's Compensation §§ 246, 378, 381 *et seq.*
  Requirement of workmen's compensation act as to notice of accident or injury, 145 ALR 1263.
[4, 6] 58 Am Jur, Workmen's Compensation § 380.

disability with defendant's representatives, such testimony was not questioned when plaintiff was cross-examined, and defendant presented no witnesses; although the appeal board could have expressly rejected plaintiff's testimony going to the question of notice, it could not properly deduce from the only evidence in the record that no notice was given since the appeal board cannot draw inferences contrary to undisputed evidence.

6. WORKMEN'S COMPENSATION—DISABILITY—NOTICE—LIMITATION OF ACTIONS.

A defendant employer can claim no protection from the limitation provisions of the Workmen's Compensation Act where the defendant had notice or knowledge of a plaintiff's condition and did not report the disability to the compensation commission since the limitation provision for the filing of a compensation claim is tolled until the time the report is filed (MCLA 412.15[418.381]).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 March 6, 1973, at Detroit. (Docket No. 14514.) Decided June 22, 1973. Leave to appeal applied for.

Eugene McBeth presented his claim for workmen's compensation benefits against his employer, Chrysler Corporation. Benefits denied. Plaintiff appeals by leave granted. Remanded for further proceedings.

*Blum, Graber, Meklir, Pianin & Rosenberg, P. C.,* for plaintiff.

*Lacey & Jones* (by *Hayim I. Gross),* for defendant.

Before: J. H. GILLIS, P. J., and McGREGOR and ADAMS,* JJ.

PER CURIAM. Plaintiff sought benefits under the

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Workmen's Compensation Act for a back injury that occurred on March 20, 1959, and for an alleged occupational disease stemming from the fumes and dust in which he had worked. He retired from defendant's employ in June 1966 and on August 14, 1968 filed a petition for a hearing on his claim. After a hearing commencing on September 4, 1969, the hearing referee found that plaintiff's back injury did not cause any disability. He found that the working conditions had caused a disabling occupational disease and ordered defendant to pay compensation. Defendant appealed. The Workmen's Compensation Appeal Board, in a 4–3 decision, reversed and denied compensation. This Court granted plaintiff's application for leave to appeal.

Plaintiff testified that he worked for Chrysler from 1948 until June 1966. For the first 15 years he drove trucks "over the road" as a semi-truck driver. From 1959 through 1964 he did contact or switching work which involved driving trucks about defendant's plant. Plaintiff made several attempts to change jobs. He finally succeeded, working as a material handler and then as a janitor until his retirement.

During the time plaintiff drove trucks, he was bothered by exhaust fumes which came up from the bottom of the trucks. The exhaust outlet on some trucks was located about 18 inches behind the cab. Plaintiff developed a shortness of breath and began gagging from time to time. During the period that he did contact work, he spent 7-1/2 hours a day inside the trucks and one-half hour a day inside a building where the truck engines were kept running. There were usually three to six truck engines running in plaintiff's work area. The trucks were parked on a dirt field and the

dust from this field contributed to his condition. He testified:

"*Q. [by plaintiff's attorney]:* When you were gagging, is it such as you exhibited here today, coughing?

"*A.* Yes, yes. I had a cough. The phlegm came up, stuff out of my throat.

"*Q.* When did these conditions start, this coughing and phlegm and shortness of breath?

"*A.* Well, it was persistent.

"*Q.* When did they start, about what year?

"*A.* Oh, about—I can't—they got—about the last five or six years, especially on the contact work.

"*The Referee:* The last five or six years especially—

"*A.* Especially on the contact work. In fact, I tried to get off of it and they wouldn't take me off of it.

"*Q. (by Mr. Sternberg, continuing):* Why did you try to get off?

"*A.* Too rough going through the dirt and stuff. I got it better back on the road. After a couple, three years they finally took me off and put me back on the road."

During this period his health got progressively worse.

Plaintiff also testified:

"*Q.* Now, from the time you worked in the yard and the time you were working in that heavy dust and fumes from the contact work, did you have any discussion with anyone with a supervisor capacity about the problems you were having?

"*A.* I had a conversation with *the garage foreman.*

"*Q.* What kind of conversation?

"*A.* I told him I had to get out of that dust. It wasn't doing me any good. It was making it worse.

"*Q. At the time you left,* did you have any discussions about this with anyone?

"*A.* Why—I got so—his name, *the supervisor* in my shift at the garage, I told him that I had to get out, that the fumes, the dust was getting worse." (Emphasis added.)

In 1964 plaintiff was switched to a job as a material handler for 30 to 45 days. There was still dust involved in this work. Then he was put on as a janitor. This work involved less dust, but he still had to sweep up dust and dump it into trash containers. This made him spit and cough. He retired early because his health was getting worse.

Dr. Mervyn Lakin, an internist, testified for plaintiff. It was his opinion that McBeth was suffering from chronic bronchitis and pulmonary emphysema which was irreversible and that his condition was contributed to by the work he had been doing. Defendant did not call any witnesses.

The referee found that plaintiff was disabled because of the dust conditions at his work as of June 30, 1966. The appeal board reversed the referee. The four-member majority found:

"The plaintiff's own testimony is void of any evidence *which would advise the defendant at the time of retirement* that plaintiff was disabled or that disability, if any, was resultant from his employment." (Emphasis added.)

The three-member dissent stated that plaintiff's conversation with his foreman was sufficient notice to defendant and argued that it was not necessary that notice be given at the time of retirement.

The appeal board's opinion makes it appear that the only indication defendant had of plaintiff's occupational illness came from a *single* conversation with the garage foreman. The transcript of plaintiff's testimony clearly discloses one additional discussion and suggests that several other conversations took place. The second quotation set forth above indicates that *during the time plaintiff was doing contact work* he had a discussion with his foreman and that *at the time he left that work*

he had *another* discussion with the *supervisor* of his shift at the garage. In view of plaintiff's testimony, the successive job transfers are at least indicative of notice to defendant of plaintiff's health problems.

MCLA 417.10; MSA 17.229, which governed the events in question, provided that the requirements of notice of occupational disease "shall be the same as required in section 15 of part 2 of this act, except that the notice shall be given to the employer within 120 days after the disablement".[1] MCLA 412.18; MSA 17.168 provided in part:

"Want of such written notice shall not be a bar to proceedings under this act, if it be shown that the employer had notice or *knowledge* of the injury."[2] (Emphasis added.)

The purpose of the notice requirement is to provide an opportunity to the employer to inquire into the alleged injury while the facts are accessible. *Banks v Packard Motor Car Co,* 328 Mich 513, 516–517; 44 NW2d 166, 167 (1950); *Whitley v Chrysler Corp,* 373 Mich 469, 472; 130 NW2d 26, 27 (1964); *Carter v Kelsey-Hayes Co,* 386 Mich 610, 614; 194 NW2d 326, 328 (1972). If, however, as indicated by MCLA 412.18; MSA 17.168, *supra,* the employer had actual knowledge of the disability, the notice requirement need not be met. See *Hutchinson v Tambasco,* 309 Mich 597, 606–607; 16 NW2d 87, 91 (1944). Furthermore, if a foreman has actual knowledge of the injury, the employer will be bound by this knowledge. *Banks v Packard Motor Car Co, supra; Hutchinson v Tambasco, supra.*

---

[1] Equivalent language is currently embodied in MCLA 418.441; MSA 17.237(441).

[2] Currently MCLA 418.383; MSA 17.237(383).

Defendant cites *Williams v Chrysler Corp,* 29 Mich App 398; 185 NW2d 403 (1971); *Amamotto v J Kozloff Fish Co,* 317 Mich 641; 27 NW2d 118 (1947); *Tomasini v Youngstown Mines Corp,* 366 Mich 503; 115 NW2d 387 (1962), and 3 Larson's Workmen's Compensation Law, § 78.31(a), pp 26–31, to argue that the language used by plaintiff was insufficient to give defendant knowledge of plaintiff's condition.

According to *Williams,* the employer must be informed of some *relation* between the employee's injury and his employment. Plaintiff's testimony indicates that he told the foreman that "[i]t [the dust from his job] wasn't doing me any good. It was making it worse." This indicates the requisite relation between plaintiff's employment and his condition. *Amamotto* stands for the proposition that the employer must be informed of the consequences of the employee's accident. It is not enough to simply say that the accident occurred. In the instant case, plaintiff informed the foreman that his work condition "was making it [his health] worse"; that he "had to get out, that the fumes, the dust was getting worse". These conversations satisfy the requirement that the employer have knowledge that the job was having some effect on the employee.

3 Larson's Workmen's Compensation Law, *supra,* gives support to plaintiff's position. The author states (pp 29–30) that "[t]here must * * * be some knowledge of accompanying facts connecting the injury or illness with the employment, and indicating to a reasonably conscientious manager that the case might involve a potential compensation claim". As already indicated, the testimony of plaintiff does connect his illness with his employment and does show that plaintiff informed his foreman and his supervisor as well.

*Tomasini* holds that the employer must have knowledge not only of the employee's *injury* but of the employee's *disability.* The purpose behind the requirement that the employer must have notice or knowledge of the employee's condition is to give the employer an opportunity to investigate the truth of the claim while the incident is still "fresh". MCLA 417.1(a); MSA 17.220(a)[3] defined "disability" as "the state of being disabled from earning full wages *at the work in which the employee was last subjected to the conditions* resulting in disability". (Emphasis added.) It is clear that plaintiff informed his superiors that because of the working conditions he was no longer able to do contact work. The transcript indicates that he may have been trying for as long as three years to get his job changed. By contrast, the employee in *Tomasini* said nothing to his employer or a representative of his employer. The mere fact that the employer had X-rays on file from the employee's annual physical examinations indicating that the employee had a lung condition was held insufficient to impute to the employer knowledge of the employee's statutory disability.

In the instant case defendant was sufficiently informed that plaintiff was no longer able to perform his work because of his condition. This should have been enough to indicate to defendant that it should have investigated the circumstances surrounding plaintiff's condition. To say that the employee must be legally determined to be "disabled" would frustrate the purpose of the notice requirement.

In *Coates v Continental Motors Corp,* 373 Mich 461; 130 NW2d 34 (1964), the Michigan Supreme

---

[3] Currently MCLA 418.401(a); MSA 17.237(401)(a).

Court distinguished *Tomasini.* In *Coates,* the plaintiff's work involved frequent exposure to chemical fumes. Shortly after he began his work he experienced nausea and severe dizziness which increased upon continued exposure to the fumes. He complained of these difficulties to his foreman and finally, on September 25, 1953, he informed his foreman that he would have to disqualify himself from the work because "these fumes I figured has got me sick and I can't take it". *Coates, supra,* p 464; 130 NW2d at 35. The plaintiff then worked for the defendant in another capacity until he was laid off on March 15, 1956. He then sought to be compensated for his disability. The appeal board found the date of the plaintiff's disability to be March 15, 1956, his last day of work, and further found that plaintiff's September 25, 1953 conversation with his foreman constituted adequate notice to defendant of plaintiff's disability. On appeal to the Michigan Supreme Court, the defendant argued that exact and literal compliance must be had with the statutory notice provision and that notice, to be effective, therefore had to be given *after* the date of disablement determined by the appeal board. The Supreme Court stated (p 465; 130 NW2d at 36):

"Such a conclusion would lead to manifestly ridiculous results, for it would mean that an employee disabled by an occupational disease who gave his employer notice of disablement before he ceased working under the particular conditions which gave rise to the disablement or before he was transferred to favored work involving less deleterious conditions, would be barred from receiving workmen's compensation benefits unless he again gave notice within 120 days after he ceased employment in which there was any exposure to the conditions resulting in his disability."

The Court had the following to say about the *Tomasini* case (pp 465–466; 130 NW2d at 36):

"Defendant's reliance upon *Tomasini v Youngstown Mines Corp,* 366 Mich 503 [115 NW2d 387 (1962)], for the proposition that notice given before the statutorily determined date of disablement is ineffective, is misplaced. In *Tomasini,* as in *Coates,* plaintiff's date of disablement was determined by the board to be his last day of employment, but Mr. Tomasini, prior to termination of his employment, had not specifically informed his employer that he was unable to continue at assigned work because the conditions under which it had to be performed made him ill."

*Coates* is controlling here. See also *White v Revere Copper & Brass, Inc,* 383 Mich 457; 175 NW2d 774 (1970); *Carter v Kelsey-Hayes Co,* 386 Mich 610; 194 NW2d 326 (1972).

As previously indicated the appeal board found that plaintiff's testimony was "void of any evidence which would advise the defendant at the time of retirement that plaintiff was disabled or that disability, if any, was resultant from his employment". This finding is ambiguous, since the language does not clearly indicate whether the decision rests upon a finding that there was no evidence to indicate that plaintiff had ever advised defendant of his disability or whether it rests upon a finding that there was no evidence plaintiff advised defendant *"at the time of retirement"* that he was disabled. As we have noted in discussing *Coates, supra,* notice may be given at the time of disablement and, if the employer actually has notice or knowledge, the 120-day provision need not be met. There is no statutory requirement that notice be given at the time an employee retires. If the decision of the appeal board is based on a

finding of no notice at any time, there is no evidence to support such a finding. Plaintiff testified that he had discussed his disability with defendant's representatives. This was not questioned when he was cross-examined. Defendant presented no witnesses at all. It could have called plaintiff's foreman or supervisor to testify that no such conversations took place. It did not do so. Plaintiff's testimony is unrebutted. All of the evidence indicates that defendant or its representatives knew of plaintiff's condition.

In *White v Revere Copper & Brass, Inc, supra,* the plaintiff noticed that fumes and dust involved in his work were causing him to have difficulty in breathing. He spoke to his foreman and told him that he was getting choked up and was coughing and could not keep up with the heavy work. White continued these complaints until 1958 when he retired. On December 4, 1963, he filed a claim with the Workmen's Compensation Department alleging that he was suffering from an occupational disease caused by exposure to dust, smoke, fumes, and related irritants. The referee found that he had received such a personal injury. The appeal board reversed, finding that there was lack of proper notice. Plaintiff appealed to the Michigan Supreme Court, contending that there was nothing in the record to support defendant's contention that plaintiff had failed to notify defendant of his condition. Defendant argued that the appeal board was the official fact finder and that its finding was supported by the record and, therefore, was not reviewable by the Supreme Court. The Court found (pp 461–463; 175 NW2d at 776–777):

"A careful review of the record reveals that the only evidence relating to the question of notice was that positively averred and testified to by plaintiff. Not an

iota of evidence is presented in this record denying or rebutting plaintiff's proofs.

"Although the appeal board could have expressly rejected plaintiff's testimony going to the question of notice * * * , it could not properly deduce from the only evidence in the record that no notice was given. [Citations omitted.] The appeal board cannot draw inferences contrary to undisputed evidence. [Citations omitted.]

"We conclude that there is no competent evidence to support the appeal board's finding of fact that notice was not given."

The *White* case is dispositive on this question.

According to MCLA 412.15; MSA 17.165:[4]

"In all cases in which the employer has been given notice of the happening of the injury, *or has notice or knowledge* of the happening of said accident within 3 months after the happening of the same, and fails, neglects or refuses to report said injury to the compensation commission as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of either said employer or his insurer, until a report of said injury shall have been filed with the compensation commission." (Emphasis added.)

Since defendant had notice or knowledge of plaintiff's condition and did not report the disability to the compensation commission, the limitation provision for the filing of plaintiff's claim was tolled until the time such report would be filed. Defendant can claim no protection from the limitational provisions of the statute. *Coates v Continental Motors Corp, supra.*

This case is remanded to the appeal board for further proceedings in accordance with this opinion.

---

[4] Currently MCLA 418.381; MSA 17.237(381).