## WASHAM v GOODYEAR TIRE & RUBBER COMPANY

1. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION APPEAL
   BOARD—FINDINGS OF FACT—EVIDENCE—FRAUD—STATUTES.

   A factual determination by the Workmen's Compensation Appeal
   Board which is supported by the evidence is conclusive absent
   fraud (MCLA 418.861; MSA 17.237[861]).

2. WORKMEN'S COMPENSATION—FACT QUESTION—NOTICE—MENTAL OR
   PHYSICAL INCAPACITY.

   It is a question of fact whether a workmen's compensation
   claimant is prevented by mental or physical incapacity from
   giving the requisite notice to the employer.

3. WORKMEN'S COMPENSATION—NOTICE—TOLLING OF NOTICE PERIOD—
   MENTAL OR PHYSICAL INCAPACITY—STATUTES.

   The statutory period in which notice of an employee's injury
   must be communicated to the employer will be tolled where the
   employee cannot communicate notice to the employer because
   of the employee's mental or physical incapacity and there is an
   absence of alternative means of communication (MCLA
   418.381; MSA 17.237[381]).

4. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION APPEAL
   BOARD—FINDINGS OF FACT—CLAIMANT'S INCAPACITY—NOTICE.

   A workmen's compensation case should be remanded to the
   Workmen's Compensation Appeal Board for a specific finding
   on the question of whether the claimant's incapacity prevented
   him from giving notice of his injury to the employer within the
   requisite notice period where the claim of incapacity in giving
   notice was raised by the claimant before the WCAB but no
   factual determination was made from the evidence.

## Appeal from Workmen's Compensation Appeal

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 631.
[2, 4] 82 Am Jur 2d, Workmen's Compensation § 441 *et seq.*
[3] 82 Am Jur 2d, Workmen's Compensation § 445.

Board. Submitted June 21, 1977, at Detroit. (Docket No. 28572.) Decided September 20, 1977. Leave to appeal applied for.

Claim by James T. Washam against Goodyear Tire & Rubber Company and Travelers Insurance Company for workmen's compensation. Benefits denied. The Workmen's Compensation Appeal Board affirmed. Claimant appeals by leave granted. Remanded for further proceedings.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Robert W. Howes),* for plaintiff.

*Wilfred F. Curley,* for defendant.

Before: D. C. RILEY, P. J., and BASHARA and P. R. MAHINSKE,* JJ.

BASHARA, J. Appeal is taken by plaintiff from a Workmen's Compensation Appeal Board (WCAB) decision affirming a referee's denial of benefits. The referee and WCAB found that plaintiff did not give defendant timely notice of the injury as required by MCLA 418.381; MSA 17.237(381). Additionally, the WCAB found "that plaintiff had reasonable grounds for knowledge of disability and by reasonable diligence could have discovered that his disability might be work-related" more than three months prior to the time he notified defendant.

Plaintiff contends that he did not know, or have reason to know, that his injury was work-related. Alternatively, plaintiff claims that he was incapacitated by his injury from giving notice to defendant within the statutorily prescribed period. A result of such incapacity, plaintiff argues, is that the statutory notice period is tolled, and that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

notice was given within the required time limit after the incapacity was removed.

We find the former claim of error to be without merit. From our review of the record, we conclude that there is sufficient evidence to support the WCAB finding of fact. See *Lewis v Chrysler Corp*, 394 Mich 360, 369–370; 230 NW2d 538, 543 (1975). This factual determination, being supported by the evidence, is conclusive absent fraud. MCLA 418.861; MSA 17.237(861), *Askew v Macomber*, 398 Mich 212; 247 NW2d 288 (1976), *Barrett v Bohn Aluminum & Brass Co*, 69 Mich App 636; 245 NW2d 147 (1976).

Plaintiff's latter claim presents a question of whether mental or physical incapacity of a claimant will toll the statutory period in which notice of the injury must be communicated to the employer. We hold that it does, but whether a claimant is prevented by incapacity from giving the requisite notice is a question of fact.

That question should be resolved in light of the purposes underlying the notice requirement. Notice enables the employer to investigate the circumstances surrounding the injury while they are still readily accessible. It also gives the employer an opportunity to minimize his losses by providing the injured employee with prompt medical attention. *Lewis, supra*. The validity of the alleged claim may be ascertained by the employer from an assessment of the facts pertaining to the cause of the injury. *McBeth v Chrysler Corp*, 48 Mich App 399; 210 NW2d 384 (1973).

The foregoing purposes contemplate that the employer be given notice of the injury as soon after its occurrence as possible. However, it is also anticipated that the notice be accompanied by a sufficient circumstantial description of the event to

facilitate the employer's investigation. These factors, in turn, bear upon the assessment of the claimant's communicative capacity.

Notice need not be given directly from the injured employee. The employee may communicate notice to the employer through an intermediary.

It may be argued that the statutory tolling provisions related to mental and physical incapacity are applicable only to the period in which a claim must be filed.[1] However, reason and fairness mandate the result we reach today. Where an employer has no notice or knowledge of an injury and the injured employee cannot communicate notice because of mental or physical incapacity and the absence of alternative means of communication, it would be contrary to the humanitarian and beneficent objectives of the Worker's Disability Compensation Act to conclude that the employee's claim is time barred after three months.

A claim of incapacity in giving notice was raised by plaintiff before the WCAB. However, no factual determination was made from the evidence. We, therefore, remand for that specific finding. See *Steel v Suits News Co,* 398 Mich 171, 177; 247 NW2d 284 (1976).

Remanded. We retain jurisdiction.

---

[1] The pertinent statutory language reads as follows:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury has been given to the employer within 3 months after the happening thereof and unless the claim for compensation with respect to the injury, which claim may be either oral or in writing, has been made within 6 months after the occurrence of the same; or on the case of the death of the employee, within 12 months after death; or in the event of his physical or mental incapacity, within the first 6 months during which the injured employee is not physically or mentally incapacitated from making a claim." MCLA 418.381(1); MSA 17.237(381)(1).